No. 12,388.

Trinchera Ranch Company et al. *v.* Trinchera Irrigation District.

(300 Pac. 614)

Decided June 1, 1931.   Rehearing denied June 22, 1931.

Mr. Ralph L. Carr, for plaintiffs in error.

Mr. Albert L. Moses, Mr. Philip Hornbein, for defendant in error.

*En Banc.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

AT the January, 1928, term of this court we set aside a decree of the district court of Costilla county which granted to the Trinchera Irrigation District, a quasi public corporation, permission to change 13 different points of diversion of its several irrigating ditches that take waters from three natural streams of the state for irrigating lands owned by residents of the district. In remanding the cause to the district court we said: "The judgment must be reversed. If a further hearing is desired, the evidence already introduced may be considered, and further evidence may be introduced by the parties to the proceeding. If the petitioner does not elect to introduce additional evidence, the lower court is directed to find the issues for the protestants, and to enter judgment accordingly." *Trinchera Ranch Co. v. Trinchera Irr. Dist.,* 83 Colo. 451, 463, 266 Pac. 204.

After the remittitur was sent down, the district petitioner elected to, and did, produce further evidence. The protestants, deeming this additional evidence of no probative force, declined to avail themselves of the privilege of introducing any further evidence in their own behalf and rested their case upon the evidence they produced at the first hearing. The district court thereupon found for the petitioner and gave it permission to make the desired changes and embodied its findings in a new decree which is substantially the same as the decree that was rendered at the first hearing. The protestants excepted thereto and have brought up this decree for a review.

By statute and repeated decisions of this court changes of points of diversion may lawfully be made only under a decree of court permitting it. This irrigation district, however, ignored this requirement and many years ago, apparently acting upon the advice, not of its

attorney in this case, but of its former counsel, made the changes involved here and diverted its respective priorities through the new headgates at the new points of diversion and thus irrigated its lands continuously until some time in the year 1925, when the water commissioner of the district notified the petitioner that thereafter he would not recognize its asserted right to divert its decreed appropriations at these new headgates, unless and until the required permissive decree therefor was obtained. The petitioner then filed its petition in the district court of Costilla county, which is the tribunal which theretofore had established the respective priorities in this irrigation district, for a decree authorizing a change of the respective points of diversion, which change, as matter of fact, it had years before unlawfully made without obtaining the required permission to do so. It may be that the district court might properly have refused to exercise its jurisdiction at the solicitation of an applicant which had ignored repeated decisions of this court and unlawfully assumed the right to exercise its pretended authority to effect the changes which only a court could give. But without approving the course pursued here by the petitioner district, since no objection on this ground was interposed below by the protesting respondents, we shall treat this proceeding, as the parties themselves have done, as one by an owner of irrigation priorities who seeks permission of a court to change points of diversion that have not already been made, and dispose of the case on that theory.

Upon the record now before us the real and controlling question for determination is: Does the additional evidence at the second hearing, taken in connection with the evidence produced at the first hearing, justify a decree authorizing the changes sought? Before discussing this proposition we wish, however, to call attention, in order to express our disapproval of the same, to the course pursued by counsel for the defendant in error in the first 26 pages of his brief. He says therein that he wishes "to

call this court's attention to one or two matters appearing in the opinion handed down,'' meaning the opinion of Judge Butler on the former hearing. In effect, these preliminary observations, under the guise of pointing out certain matters appearing in our former opinion, in reality constitute a covert attack upon the integrity of the opinion itself, long after the expiration of the time for filing a petition for a rehearing. Such a discussion is wholly inappropriate at this time and should not have been made. We merely add that further consideration strengthens our approval of our former opinion. We are satisfied with it now as we were when it was handed down, and shall make no changes in it. It should be read in connection with this opinion upon the second hearing. To restate its argument would unnecessarily encumber the record. The legal profession has access to our reports and those interested in the questions involved here will have no difficulty in ascertaining the facts and the principles of law applicable thereto by reading the two opinions.

■■ Our examination of the record now before us convinces us that the evidence produced by the petitioner at the second hearing in no wise strengthens its case as made at the first hearing. Considerable evidence was taken, but in so far as it has any supposed probative force, it is of the same character of evidence that was produced upon this issue at the first hearing. In other words, this evidence is merely cumulative. The repetition of such evidence by additional witnesses does not strengthen the case and it is not sufficient to establish the issues tendered. In 2 R. C. L., beginning on page 223, is a discussion under the head: ''Successive Appeals—The Law of the Case.'' At section 191 it is said: ''The general rule as to the law of the case applies with regard to questions as to the sufficiency of the evidence to prove a fact in issue, and when the case comes up for review a second time and the evidence is substantially the same, the former decision is conclusive. * * * When the evi-

dence presented upon the second appeal [or review] is materially different from that previously passed upon, the decision on the prior appeal is not conclusive. There must, however, be a material change in the evidence; additional evidence which is merely cumulative will not take the case out of the rule and constitute a material change, where evidence of the same class and character on the former appeal was held insufficient to prove the fact in controversy." The language thus quoted is directly pertinent here. The evidence produced by petitioner here at the second hearing below was not materially different from that produced at the first hearing. Its probative effect adds nothing whatever to the evidence of the same character that was produced at the first hearing. Furthermore, the petitioner admits that, as to some of the matters suggested by us as important, it was impossible to produce the evidence to substantiate the same as required in such cases. One of the reasons given by counsel for a failure in this respect was, he says, the fact that the irrigation district had not preserved in its records the evidence that was necessary to make the desired proof. We cannot approve of such reasoning. While the petitioner recognizes, as it must, that the burden of proof is upon an applicant for such changes to show that the rights of junior appropriators will not be injured by the change, nevertheless, it seeks to excuse itself for its inability to furnish proof of some of the data which we suggested because it was impossible for the reason stated to obtain it. That is no reason for changing points of diversion which injuriously affect the rights of junior appropriators. In short, perhaps unnecessarily, we repeat that an examination of this record now before us convinces us that the trial court erred in considering the evidence produced as proof that the respondents would not be injuriously affected by the change. Indeed, in some respects we think that the petitioner's own evidence at the second hearing weakened its case as made at the original hearing.

It says that the purpose of the changes of the points of diversion was and is so that there may be an impartial treatment as between the different land owners in the district and to avoid the tremendous loss which was occasioned when water was formerly delivered to the headgate of some of its ditches, and likewise to avoid some further loss by diverting through one headgate rather than at another. We appreciate the inability of the counsel upon this second hearing to adduce evidence as to the important matters which we suggested in our former opinion. But counsel, if he does not in his argument overlook, has ignored, the important fact that the burden of proof is upon a petitioner for such changes to establish clearly that junior appropriators will not be injured thereby. These protestants are not obliged to establish injury. It was for the petitioner to establish that there will be no injury and according to our reading of the record it has signally failed in this important particular. Stress is laid upon the alleged weakness of the testimony of respondents' witness Calkins. He is water commissioner of this irrigation district, and had given testimony favorable to the protestants which, if true, materially weakened petitioner's case. At the time the trial judge's findings of fact were announced, and the decree was rendered, he said that in the former findings no mention of the weight of evidence of the various witnesses was made, nor was there any comment upon their testimony, and the judge stated that in the former review we commented only on the evidence of certain witnesses. The trial judge then stated that in view of that fact he felt impelled to make some mention of the testimony of the various witnesses as it appeared then to the court. In that respect the judge said that he now desired to say that the court was not impressed with the testimony of the witness Calkins, who was the water commissioner of the district, but did not specify wherein it was weak, or refer to the testimony of any other witnesses. Our examination of the testimony of this witness fails to leave

any unfavorable impresson on our minds. His testimony in some respects was favorable to the petitioner and in other respects to the protestants. As a public officer he was merely doing his duty when he notified the petitioner that it must get a court decree permitting changes in order to be served. Counsel for the petitioner in his brief relies upon that portion of Calkins' testimony which is favorable to it and condemns that portion which is unfavorable. His testimony that was unfavorable to the petitioner seems to be his statement that he had warned the officers of the irrigation district at various times that it must conform to the law. The petitioner sought to weaken the force of this testimony by evidence of a witness who kept the books of the district that there was no record in these books of any such statements by Calkins. The failure of such books to show such statement is relied upon as conclusive proof that Calkins was in error or testified falsely when he stated that he had notified the officers of the district that they had no legal right to ask to have water turned in at the new headgates. Just how this affects the integrity of the witness Calkins we are unable to perceive. Calkins, in the material parts of his testimony, is corroborated by the undisputed acts and doings of the petitioner itself.

Our original act of 1905 authorizing the creation of irrigation districts, section 1971, C. L. 1921, invested their respective boards of directors with power to acquire, among other things, all lands, water rights, franchises and other property necessary for the use of its irrigating system. By our later act of 1921, section 2069, C. L. 1921, the board was specifically given authority to acquire by use, purchase or condemnation, property or rights of any kind, including canals, reservoirs, water rights or any other property or right necessary or useful for carrying out the objects for which the district was organized. If, in carrying out such purpose, its board of directors deems it necessary or essential to acquire additional water or water rights, it could acquire the rights

of these protesting respondents by purchase or condemnation. But it should not, under the guise of a petition for changes in the points of diversion of its ditches and canals, be permitted, in effect, to acquire the rights of junior appropriators or substantially impair them without rendering adequate compensation.

Our conclusion is that upon the second hearing the petitioner signally failed to strengthen its case by the evidence which it produced, and if it had any effect at all it served to strengthen the case of the protestants. The judgment and decree of the district court should therefore be, and it is, reversed, set aside, and held for naught. The case is remanded to the district court with instructions to vacate its former decree and in lieu thereof to enter judgment dismissing the proceeding at the costs of the petitioner, both here and below at both trials.