No. 13,498.

TRINCHERA IRRIGATION DISTRICT v. TRINCHERA RANCH COMPANY ET AL.
(66 P. [2d] 539)

Decided March 22, 1937.

Mr. ALBERT L. MOSES, for plaintiff in error.

Mr. RALPH L. CARR, for defendants in error.

*In Department.*

MR. JUSTICE BOUCK delivered the opinion of the court.

THIS is a proceeding for adjudication of water rights. Hearings had been held before District Judge Wiley, and a decree entered. On motion of the Trinchera Irrigation District the decree was set aside by the district court, and an order was entered permitting the parties to introduce further evidence. That was in 1927. Finally in 1933 a hearing was had before the present district judge, and a decree was entered almost identical with the one previously set aside. It is this latter decree that the irrigation district now asks us to reverse. The matters here in question are wholly separate and distinct from the ones considered and determined in *Trinchera Ranch Co. v. Irrigation Dist.*, 83 Colo. 451, 266 Pac. 204, and *Trinchera Ranch Co. v. Trinchera Dist.*, 89 Colo. 170, 300 Pac. 614. Those were both cases where proposed changes of points of diversion were alone involved. This case has no connection therewith.

By proper assignments of error the district complains that the trial court made no adequate findings and that there was not sufficient evidence to sustain the decree.

1. As to alleged inadequacy of findings. In water adjudication matters it has not been unusual to

uphold decrees without requiring strict compliance with the customary law of practice and procedure. Findings should of course be made in a way enabling the appellate court to determine on review whether the necessary issues of fact and law have been given proper consideration. It has sometimes been possible to supply the lack in this regard by referring to the statements of claim, but not always. In the case at bar the decision presents an obvious lack along this line without any aid from the statements of claim before us. There are no findings, in connection with any of the ditches involved, as to the amount of land actually irrigated and the amount merely proposed to be irrigated in the future; in other words, as to water actually applied to beneficial use, thus entitling to an absolute decree, and water not yet applied in the legal sense. While as to some parts of the latter a conditional decree might be entered according to the practice obtaining in some Colorado jurisdictions, the findings here are apparently insufficient even for that purpose; for they do not distinguish between the absolute rights and any others, nor is there anything in the decree to assist us in an effort so to distinguish. The statements of claim here are of no assistance in this respect. The contention that, under the record before us, there is a failure to include appropriate findings in the decree would in and of itself be worthy of serious consideration if it became necessary to determine the point.

2. As to alleged insufficiency of evidence. Serious uncertainty marks the testimony of the various witnesses. There is strong plausibility in the argument of counsel for the irrigation district that the evidence, when tested by the statements of claim on file herein, affirmatively shows the claimants not to be entitled to the quantities awarded by the decree. Those statements claim an aggregate of 3,000 acres as capable of being irrigated out of Trinchera creek, including not only land actually so irrigated but land proposed to be so irrigated as well, no segregation of the two kinds being attempted. It is

shown that certain old decrees, which are not before us, have adjudicated a number of priorities totaling 16.83 cubic feet per second of time. These apply to an appreciable part, if not all, of this acreage, but from the record it cannot be ascertained how much. Those priorities seem to represent what at certain times of the year ordinarily amounts to an overappropriation, at least to a large extent. The additional priorities now under review cover 37.8 second feet, all but 3.3 of which are out of Trinchera creek. There is a fair inference from the record, including the testimony about the duty of water under the conditions prevailing in the region, that such previous adjudication was virtually lost sight of altogether. According to that testimony, one cubic foot per second is required ordinarily for every 80 acres of hay land, though other crops would require a little more water. Now, on the basis of the areas testified to as representing actual irrigation, the number of irrigated acres for which one full cubic foot of water per second of time was decreed to the respective ditches by the lower court is as follows (the total irrigated area under each ditch being stated in parenthesis) : New North (750 A.), 60 acres; New South (700-750 A.), 64 to 68 acres; Turner (60 A.), 60 acres; Bryant (35-40 A.), 5 to 6 acres; Antelope (200 A.), 61 acres; Bridge (60-70 A.), 20 to 25 acres. The total of all the irrigated areas is from 1805 to 1870 acres. As already stated, the additional priorities provided by the decree now under review add up to 37.8 second feet. The acreage per second foot is thus between 47¾ acres and 50 acres. This, however, takes no account whatever of the original priorities aggregating 16.83 second feet, which, added to 37.8 second feet, amount to 54.63 second feet. On such a basis of all the water adjudicated, the acreage served shrinks to a minimum of 33.04 acres, and a maximum of less than 35 acres, per cubic foot of water per second of time. But there are other peculiar phases rendered manifest by a slight analysis. Emphasis is laid by counsel upon the claim that the addi-

tional priorities are sorely needed—and are available—at the flood season, though during the regular irrigation season there is a shortage under the old priorities. Nothing appears in the decree before us to indicate such a situation. The priorities are decreed in general and unlimited terms.

One or two other matters will be mentioned. Uncontradicted evidence establishes the total failure, during the four years immediately preceding the 1933 hearing, to divert and apply water from the Sangre de Cristo creek as claimed in the statement for the Antelope ditch. The Wiley decree is exactly followed in decreeing a priority for 3.3 second feet to that ditch. The alleged priority of the Antelope ditch, which, according to the witness Shannon's uncontradicted testimony in 1933, he himself built about 10 years before, was given the date October, 1916, by the trial court. The decree signed by Judge Wiley about six years earlier had dated this priority January, 1920, over three years later than the date assigned in the last decree, which latter date antedated by about seven years the date testified to by the original builder of the ditch, who was the manager of the Trinchera Ranch Company.

On the whole record we are convinced that the decree should be set aside and the case remanded with directions to take further evidence if such be available, and thereupon to make findings and a decree in conformity herewith.

Judgment reversed with directions.

MR. CHIEF JUSTICE BURKE and MR. JUSTICE YOUNG concur.