No. 14,445.

TRINCHERA IRRIGATION DISTRICT *v.* FIRST NATIONAL BANK OF COLORADO SPRINGS, TRUSTEE, ET AL.
(102 P. [2d] 909)

Decided April 15, 1940.   Rehearing denied May 27, 1940.

Messrs. MOSES & MOSES, for plaintiff in error.

Mr. JEAN S. BREITENSTEIN, Mr. JOHN G. REID, Mr. JOHN H. SHIPPEY, for defendants in error.

*En Banc.*

MR. JUSTICE BAKKE delivered the opinion of the court.

THIS case was before us on a former occasion. *Trinchera Irr. Dist. v. Trinchera Ranch Co.*, 100 Colo. 181, 66 P. (2d) 539. The present defendants in error have been substituted for the former defendants. On the previous hearing the judgment was reversed and the cause "remanded with directions to take further evidence if such be available, and thereupon to make findings and a decree in conformity herewith."

A review of these Trinchera cases (the parties in each instance being the same) reported in 83 Colo. 451, 266 Pac. 204; 89 Colo. 170, 300 Pac. 614, and 100 Colo. 181, 66 P. (2d) 539, shows that they involve different legal problems affecting irrigation in the same general area, but none of the opinions in those cases has presented a sufficiently definite picture of the immediate topography

of the area to render understandable the conditions existing in the case at bar. For the purpose of clarifying the situation, we adopt the description of defendants in error here, which is in no wise challenged by plaintiff in error. "The Mountain Home Valley, or as it has been called, the Home Ranch of the Trinchera Estate, is topographically an oval bowl some four miles in length and varying in width up to some two or three miles. This bowl declines toward the west at approximately 70 feet to the mile and at the lower end is constricted by a bottle neck across which has been constructed a dam owned by the Trinchera Irrigation District, plaintiff in error. This dam makes of the lower end of the Mountain Home Valley a reservoir which is used for the storage of water. The dam is thrown directly across the channel of the Trinchera Creek which bisects the valley throughout its length and which runs through the lands owned by the defendants in error here, upon which lands the water under the decrees in question is used. There are in the valley no landowners other than the defendants in error here, and no other owners of water rights diverting or using water at any point in the valley. It should be further noted that the Mountain Home Reservoir of the plaintiff in error lying, as it does, at the lower end of the valley is the natural drain and catch basin of the large return flows resulting from the irrigation of the valley lands."

Comment was made upon this physical situation in the case of *Monte Vista Canal Co. v. Centennial Irrigating Ditch Co.*, 24 Colo. App. 496, 135 Pac. 981, which is quoted in the opinion in *Trinchera Ranch Co. v. Trinchera Irrigating Dist.*, 83 Colo. 451, at page 461, as follows: "The vast territory irrigated or to be irrigated from the Rio Grande river may be benefited in general by the application of water during flood seasons to the largest possible area of irrigated lands; that thereby the soil of the entire area becomes a vast reservoir from which the water has a tendency to return slowly to the

stream at some point in its course, and thereby many more acres, as a whole, may be irrigated than if the water were permitted to run off. * * *."

In the case at bar this theory is applicable, of course, only to the "bowl," of defendants in error, drained by Trinchera creek.

It is undisputed that the only purpose of the petition for adjudication of the water rights here involved is to have the court give legal approval of the use of water as practiced by defendants in error for nineteen years. We deem it unnecessary to recite the decrees, for the reason that they are not challenged if the theory upon which they are based is not erroneous.

While plaintiff in error submits thirty-three assignments, it summarizes its entire position in the query, "Will the Court affirm a decree which awards one cubic foot of water for 30 (26 under the present decree) acres of land when all the evidence adduced on the question shows that one cubic foot of water in that locality is sufficient for the irrigation of eighty acres of land?" This query is based upon the statement in our former opinion (*Trinchera Irr. Dist. v. Trinchera Ranch Co.*, 100 Colo., p. 184) that "one cubic foot per second is required ordinarily for every 80 acres of hay land, though other crops would require a little more water." However, it must be noted that the quantity mentioned in this statement, one cubic foot per second for every 80 acres of hay land, has reference to what the trial court and defendants in error denominate as the ideal duty of the water of Trinchera Creek under the 1915 decree (the original adjudication in district No. 35, which is the district involved) based on the normal flow of the stream, and does not include the run-off water in the spring flood season, which is the water involved here, the testimony being that this water is only present not to exceed thirty days in a year, and is used to irrigate land not covered by the earlier decrees.

Among the deficiencies in the evidence and decree to which reference is made in our former opinion (100 Colo. 181, 183, 184) are: 1. Absence of findings as to amount of land actually irrigated and to be irrigated; water actually applied to a beneficial use, and water not yet applied. 2. When tested by statements of claim, claimants not entitled to awards under the decree. 3. Failure of decree to recite anything concerning availability of water during flood seasons only.

While the new decree does not supply all of these deficiencies with a nicety which is desirable, we conclude that it is sufficient, particularly in view of the fact that the only final complaint is as to the new finding on the duty of the water. This finding, as we see it, simply gives recognition in this case to the theory recognized in the quotation from the Monte Vista Canal Company case, supra.

No testimony was introduced by plaintiff in error and, as disclosing absence of prejudicial effect, the present decree provides, inter alia: "Seventh: This decree shall not be taken, deemed or held as establishing, decreeing or fixing any priorities of right to the use of water in Water District Number Thirty-five, which will conflict with or in any manner affect or disturb the various rights, claims and priorities heretofore adjudicated in and by the decrees heretofore entered by this Court in the Matter of Adjudication of Priorities, and Right to the Use of Water in Water District Number Thirty-five, or adverse or contrary to the effect of said decrees, and all priorities herein decreed shall be junior and subsequent in point of time to all priorities and rights to the use of water heretofore adjudicated and decreed, and all priorities herein adjudicated, decreed and established can, and may, go back no further than a date subsequent to the date of the latest appropriation decreed in any of the decrees heretofore entered in this cause."

Our former opinion mentions the problem of the Antelope ditch. The new decree eliminates it entirely

and makes no adjudication as to it, so no further difficulty appears in connection therewith.

██ The argument that the 1915 decree was res judicata of the question involved here is without merit, because therein this new duty of the water was not definitely fixed. The same may be said concerning the argument that our former decision is stare decisis of the law involved. The effect of that opinion was to withhold final pronouncement until there was a compliance with the conditions therein laid down. We now conclude that these have been met in conformity therewith.

██ We agree with the statement of plaintiff in error that there is no statute fixing a minimum or maximum duty of water, and that "the question has been left to the determination of the courts, and each court has considered the question with reference to the territory to be irrigated, climatic conditions, soil conditions * * *." That is all that was considered in this case, and no abuse of discretion appearing, the decree should be permitted to stand.

██ As we said in one of the earlier of these cases, "as their rights were not interferred with, they had no occasion to object." *Trinchera Ranch Co. v. Trinchera Irrigation Dist.*, 83 Colo. 451, 456, 266 Pac. 204.

Judgment affirmed.

MR. JUSTICE FRANCIS E. BOUCK dissents.