# No. 13,381.

## MILITELLO *v.* THE PEOPLE.
### (37 P. [2d] 527)

Decided October 29, 1934.   Rehearing denied November 19, 1934.

Mr. FRANK H. HALL, for plaintiff in error.

Mr. PAUL P. PROSSER, Attorney General, Mr. CHARLES H. QUEARY, Assistant, for the people.

*In Department.*

MR. JUSTICE BURKE delivered the opinion of the court.

PLAINTIFF in error, hereinafter referred to as defendant, was convicted of arson and sentenced to the penitentiary for a term of two and one-half to five years. To review that judgment he prosecutes this writ. The errors assigned are grouped and argued under the following heads: (1) The evidence does not sustain the verdict; (2) improper evidence was admitted; (3) proper evidence was excluded; (4) erroneous instructions were given; (5) essential instructions were refused.

1. The information charged defendant with burning property which was "then and there being insured against damage and loss by fire, with the intent then and there to injure, prejudice and defraud the insurers thereof." This is substantially the language of the statute. C. L. '21, p. 1739, §6713. This is necessarily a case of circumstantial evidence, but from that produced the jurors were justified in believing the following facts:

Defendant purchased, for approximately $6,500, a frame apartment building in Trinidad. He had owned it about eighteen months when it burned. At that time building and equipment were insured for $7,000. The property had been operated at a loss. Some two weeks before, defendant ordered all tenants out on the excuse of repairs. One of them wished to remain, keeping out of the way of renovating operations. Permission to do

this was refused. Defendant had recently tried to get additional insurance, but failed. On one occasion he stated that he was not ready to burn the property yet, and shortly before the fire that he was going to burn it. About noon on the date of the fire he sent a workman away and stayed himself, with blinds drawn and doors locked, until late in the evening. The fire, which occurred about 2:30 a. m., was accompanied by a terrific explosion which awakened everyone in the neighborhood save defendant and his family. They were only aroused later after repeated attempts. Accused of having set the fire, defendant's only answer was, "You can't prove it." Some hours after the fire the contents of the building still gave off an odor of turpentine.

In prosecutions for arson the rule as to proof of corpus delicti and intent is the same as in prosecutions for other crimes where direct evidence is relied on. 5 C. J., pp. 579-581, §§63-67. Exclusion of every "possible theory other than guilt" is not required. *Conferti v. People,* 79 Colo. 666, 247 Pac. 1065. Exclusion of "every other *rational* hypothesis," which means *reasonable* hypothesis, is the test, and this jury was so instructed. Accepting the foregoing facts no reasonable theory, other than defendant's guilt, occurs to us as accounting for them. Doubtless such was the conclusion of the jurors. We think the evidence sufficient.

2. Objection was made to the admission of testimony concerning damage to nearby buildings and injury to a person therein. The evidence was proper. 5 C. J., p. 572, §52. Pictures of the scene of the conflagration and surroundings were likewise properly admitted. *King v. People,* 87 Colo. 11, 285 Pac. 157. Evidence relating to defendant's financial transactions went to his need for money and had a bearing on the element of intent. The district attorney failed to call witnesses indorsed on the information. He was not obliged to do so. *Holt v. People.* 89 Colo. 324, 1 P. (2d) 921. The attacks upon much of this evidence, including the con-

tention that it should have been stricken on defendant's motion, are based upon the theory that isolated statements do not prove definite facts. This is seldom possible and never essential. A case of circumstantial evidence can rarely be so constructed. Its very nature implies the weaving of a fabric of known facts, which, often infinitesimal or immaterial, or even prejudicial when considered alone, become important only as they are tied to others, and when so tied lead to inevitable conclusions as to facts in issue. So considered we find no prejudicial error in the rulings assigned.

■ 3. Defendant offered to show the cost of replacement of the property destroyed, evidently for the purpose of demonstrating that defendant did not profit from the destruction. Under the circumstances this was no evidence. Ordinarily the proper test is present value, considering age and condition. Here such present value was to be contrasted with insurance. *State Ins. Co. v. Taylor,* 14 Colo. 499, 24 Pac. 333.

■ ■ 4. Instruction No. 3, a definition of arson, was in the language of the statute. It was correct. *Banas v. People,* 72 Colo. 392, 211 Pac. 367. ·Instruction No. 7 related to the elements of the crime of arson. It is argued that defendant is not charged therewith. His offense, however, is so defined by statute. Moreover, the instruction was most favorable to him. Instructions 3 and 7 were both correct.

■ 5. Defendant's instruction 2 was refused. It included the charge and the element of intent. Both were sufficiently covered by instructions given.

Other phases of the trial and objections of the defendant, argued under these several headings, have been carefully examined, but are not of sufficient gravity to require discussion.

Finding no reversible error in the record, the judgment is affirmed.

Mr. Justice Butler, sitting for Mr. Chief Justice Adams, and Mr. Justice Hilliard concur.