No. 13,910.

BLACK DIAMOND FUEL COMPANY ET AL. *v.* FRANK ET AL.

(64 P. [2d] 797)

Decided December 28, 1936.   Rehearing denied January 25, 1937.

</div>

Mr. FRANK C. WEST, for plaintiffs in error.

Mr. O. A. JOHNSON, Mr. HARRY S. CLASS, Mr. PAUL P. PROSSER, Attorney General, Mr. LOUIS SCHIFF, Assistant, for defendants in error.

*En Banc.*

MR. JUSTICE HOLLAND delivered the opinion of the court.

AUGUST Frank, a claimant under the Workmen's Compensation Act, was employed by the Black Diamond Fuel Company. His claim, filed August 4, 1933, was based

upon an alleged injury occurring October 11, 1932, and states that in the course of his employment in the coal mine of his employer, he strained himself while helping to lift a mine car. A hearing, with claimant as the only witness testifying, was held before a referee of the Industrial Commission December 20, 1933. By a finding dated January 12, 1934, the referee rejected the claim upon the ground that it was barred by amended section 84 of the Workmen's Compensation Act which provides that the right to compensation shall be barred unless within six months after the injury a notice claiming compensation shall be filed with the commission, the limitation not to apply if compensation has been paid to the claimant. Upon this finding, the commission entered its award rejecting the claim, which action later was affirmed by the district court. Upon review, the judgment of the district court was reversed by this court, and the case remanded to the district court to enter judgment directing the commission "First to hold a further hearing solely on the issue of how much compensation should be awarded, and to make, on the evidence there taken, a proper award of compensation to the claimant." *Frank v. Industrial Com.*, 96 Colo. 364, 43 P. (2d) 158. Thereupon the district court entered its order directing the commission "* * * to hold further hearing or hearings solely on the issue of how much compensation should be awarded to the claimant, the same to be based solely upon evidence taken before such commission or the referee thereof upon the amount of disability that the claimant has sustained as a result of his accidental injuries. * * * ."

From the statements of counsel for both claimant and employer, it now appears that in attempting to follow the mandate of this court and the order of the district court based thereon, uncertainty arose as to the extent of the hearing to be conducted. Claimant's counsel contended that the only question to be determined was the amount of compensation his client was entitled to receive and,

apparently confident of his position, he offered no further proof of the other questions involved, namely: That the claimed injury occurred in the course of claimant's employment; and that compensation in the way of medical service was paid to him. Claimant further objected to the introduction of evidence on any of these matters by the employer and objected to employer's counsel going into the questions upon cross-examination. Counsel for the employer, faced with the decision of this court, holding that a compensable injury had occurred, although given some latitude in the matter, was not as free to proceed as the occasion required. To what extent this confusion, on the part of claimant, employer and the commission, is reflected in the present award, cannot be estimated.

The only issue presented upon the former review was whether the claim was barred by the statute of limitations, which included the question of whether it was saved from the statutory bar by the payment of compensation, within the statutory period, if such could be said to have been paid by reason of medical services furnished the claimant. This court resolved that question in claimant's favor, upon, as then stated, a prima facie case made by his own testimony. Full opportunity to present these issues was not afforded the parties before the referee, and neither party insisted upon the rights which the statute contemplates and provides in such cases. This situation arose largely, it appears, through a miscomprehension of the procedure to be followed in such matters. The record disclosing such a situation, it is evident that the commission did not have, or at least did not take, the opportunity to fully hear and determine the issues raised, and it follows that this court, in view of the partial evidence introduced, should not have precluded either party from following the issues first presented to a conclusion. This it did, by its holding—which it is claimed by defendant in error became the law of the case—in effect, that a compensable injury had occurred for which compensation

had been paid. The showing made by claimant upon the original hearing was sufficient to have called for a full presentation of the claim and defenses thereto, the result of which should have disclosed: First, whether the injury occurred in the course of employment; second, whether it was compensable; and third, whether the medical treatment received by claimant could properly be held to be the payment of compensation within the meaning of the statute. It follows that this court should have reversed the judgment with directions to the lower court to set aside its judgment and transmit to the commission a statement of the issues not fully presented, staying its proceedings until the commission should hear and determine such issues and return its findings to the court. This would be in accordance with the provisions of section 4476, C. L. '21, which is as follows:

"If upon trial of such action it shall appear that all issues arising in such action have not theretofore been presented to the commission in the petition filed as provided in this act, or that the commission has not theretofore had an ample opportunity to hear and determine any issues raised in such action, *or has for any reason, not in fact heard and determined the issues raised,* the court shall, before proceeding to render judgment, unless the parties to such action stipulate to the contrary, transmit to the commission a full statement of such issue or issues not adequately considered, and shall stay further proceedings in such action until such issues are heard by the commission and returned to said court.  *  *  *"

Our former decision in *Frank v. Industrial Commission, supra,* is overruled. What we there said concerning the statute of limitations was correct but premature. That question arises only if it be first determined that there was a compensable injury; hence, on that point, that decision is then controlling only if the evidence upon which our conclusion there rested remains substantially the same. The judgment in the present case is reversed and the cause remanded with instructions to the trial

court to set aside its judgment, stay the proceedings and transmit to the Industrial Commission the issues to be considered with directions to fully hear and determine all questions presented, and return its findings on the same to the court for its judgment thereon.

Mr. Justice Young concurs in part and dissents in part.

Mr. Justice Hilliard specially concurs.

Mr. Justice Bouck dissents.

Mr. Justice Bakke and Mr. Justice Knous did not participate in the consideration or disposition of the petition for rehearing herein.

Mr. Justice Young, concurring in part and dissenting in part.

I concur in a part of the opinion of Mr. Justice Holland and dissent in part. I think the case should be sent back for a determination of all issues, except that of whether the statute of limitations applies.

As I view the matter, the sole issue before us when the case was before presented was whether the statute of limitations applied. *Frank v. Industrial Commission,* 96 Colo. 364, 43 P. (2d) 158. In going beyond that issue and determining that a compensable injury had been sustained, when the commission had not acted upon that question, I think we determined issues not properly before us, and in so doing circumscribed the parties on the second hearing, so that issues there proper for determination were not and could not be acted upon. I now believe it would have been logical and the better practice in the former case to have required the commission to determine whether claimant sustained a compensable injury before determining the issue of whether his claim was or was not barred by the statute of limitations; but since the issue of the statute of limitations was raised and, as I believe, correctly determined, our former opinion on that question should stand as the law of the case

and the case should be sent back to determine all other issues involved except that of the statute of limitations.

MR. JUSTICE HILLIARD, specially concurring.

On the theory that *Frank v. Industrial Commission*, 96 Colo. 364, 43 P. (2d) 158, an earlier review in this same matter, constituted the "law of the case," for which there is Colorado authority, I favored affirmance of the judgment here; but since, notwithstanding my view, the court on this presentation has determined that that decision is not to be regarded as controlling, and moreover has rejected the pronouncement there, my conception of the duty of a member of a bank of judges in such situation has prompted me to further consideration of the merits. As the result, details forborne, I now think we erred in rendering the decision reported in 96 Colorado; and as the present court opinion requires only that the claimant shall prove his case, not unreasonable in any view, I join therein.

MR. JUSTICE BOUCK, dissenting.

On April 3, 1935, the judgment of the Colorado Supreme Court in the workmen's compensation case of *Frank v. Industrial Commission*, 96 Colo. 364, 43 P. (2d) 158, became final.

What the opinion meant and what happened thereafter in the district court and before the Industrial Commission by way of attempted compliance with the judgment will best appear by quoting verbatim from the brief filed in the present proceedings by counsel for the Black Diamond Fuel Company, the claimant's employer (italics in this opinion being mine):

"Some of the circumstances connected with this case have already been before this court in [the Frank case, *supra*], in which a judgment of the District Court, affirming an award of the Commission denying the claim as barred by the statute of limitations, was reversed and the cause remanded with directions.

"Only the briefest reference to such part of the record as was before the Court on its previous review is believed to be necessary, as an inducement to the narration of later proceedings and to call attention to evidence referred to in testimony at later hearings.

"The claim for compensation asserted in this case is for *disability resulting from an accidental injury,* which this Court has held was shown to have been incurred by the claimant, while lifting a mine car, October 11, 1932.

"At the only hearing held prior to the decision of this Court above referred to, the claimant was the only witness and the testimony as to the nature of the accident indicated only a muscular strain from lifting—no blow, fall, wounding, or other mishap.   *   *   *

"Upon receipt of the mandate of this Court in Frank vs. Industrial Commission, supra, and in compliance therewith, the District Court entered its judgment (ff. 176-181), vacating the award of the Commission and ordering the holding of further hearing or hearings on the issue of how much compensation should be awarded the claimant, upon evidence upon the amount of disability he has sustained *as a result of his accidental injuries.* *   *   *

"Before taking up the separate discussion of the several specific points relied upon for reversal of the judgment of the District Court, *a consideration of the law of the case as settled by the decision of this Court in Frank v. Ind. Com.,* 96 Colo. 364, 43 Pac. (2d) 158, *seems to be in order.*

"The only question presented to the Court in that case was, whether the claim for compensation was barred by the statute of limitations or was saved from that fate by the furnishing of medical attention.

"In its opinion, however, *the Court went beyond that question and, in addition to holding that the claim was not barred, settled, as the law of the case, the following propositions*:

"1.   That the injury of the claimant was compensable;

"2. That the only issue remaining to be determined was how much compensation should be awarded.

"We find no definition of the term compensable injury, but submit that *the first of the above propositions can mean nothing else than that the claimant had received a personal injury under such circumstances as would entitle him, in the event of any disability for more than ten days resulting therefrom, to compensation at the rate fixed by law, based upon his average earnings.* In other words, such 'compensable injury' is only one of the factors necessary to support an award of compensation; the others being physical disability of more than ten days duration and average earnings sufficient to entitle the claimant to the rate awarded.

"This proposition seems self-evident, in view of the Workmen's Compensation Law, and was certainly recognized by the mandate of the Court that a hearing be had to determine the amount of compensation to be awarded. This could only mean, to determine *the disability caused by the accidental injury* and the average weekly wages of the claimant. *Obviously, a determination of the amount of disability sustained by the claimant as the result of his accident includes a determination whether any disability resulted therefrom.*

"*These two issues, of disability resulting from the accidental injury and the average weekly wages of the claimant were the only ones to be determined, and it is the findings upon these two issues, and the award based thereon, that are in question herein.*"

The foregoing was obviously a fair and accurate interpretation of the opinion in the first Frank case, supra. In fact, it seems to me the only reasonable interpretation. Entering upon the hearing held in accordance with the directions of this court, the employer's attorney complied fully with his understanding as expressed by his above quoted words. The commission's referee likewise had a clear comprehension of what was legally required. The record now before us shows that with the

active aid of the employer's attorney the referee ably carried out the instructions of the court, promptly overruling objections of the claimant's attorney, who unsuccessfully urged a much broader interpretation of the Frank opinion than the one properly given it by his opponent and by the referee.

Counsel's interpretation was not an after-thought or mere lip service. The record of the hearing itself contains the following:

"I simply call attention," said the employer's attorney, "to the judgment of the District Court, directed to the Commission, under which this hearing is being held, which is for the purpose of taking testimony to determine the degree of temporary and permanent disability which this man sustained by reason of his accidental injury. Now, *if some of these things are not from an accidental injury, evidently they have to be segregated.* * * * The order of the Court, to which I called your Honor's attention, is to determine the disability *due to the accident.* Obviously, *some of these conditions* he has *are not due to the accident.* * * * The only order directed to this Commission, out of any court, is that of the District Court, entered in compliance with instructions from the Supreme Court, with instructions as to what they should do. * * * I will read the entire paragraph containing the order: 'It is therefore ordered, adjudged and decreed by the Court that the entire record in the above entitled case be sent back to the Commission, and it is hereby sent back to the Commission, which Commission is directed to hold further hearing or hearings solely on the issue of how much compensation should be awarded to the Claimant, the same to be based solely upon evidence taken before such Commission or the Referee thereof upon the amount of disability that the claimant has sustained *as a result of his accidental injuries.'* Now, compensation isn't paid for anything but accidental injury.

"Do I gather," asked the referee, addressing the claimant's attorney, *who had objected* to his opponent's correct

attitude, "that it is your contention that the Commission is not permitted, under these rulings, to go into the cause of the various disabilities of the claimant, but that we have to assume that all of his disabilities are due to accidental injury and find accordingly? *In order to comply with the order of the Court, the Commission has jurisdiction to hear evidence on the disabilities and to segregate, if necessary, the disabilities due to accident, as established by the Supreme Court, and those due to other causes.* For that reason I will permit Mr. West to go ahead with his examination."

The employer's attorney also stated: "*Whether* [*claimant's*] *present disability is due to that accident is all we are limiting ourselves to.* * * * There isn't any dispute that he received what the Supreme Court considered an injury sufficient to give him some disability, perhaps, and that *it is compensable if he has any disability.*"

Further testimony was accordingly taken on behalf of the claimant. It was duly limited to the scope we had prescribed, but was freely tested and elaborated by full cross-examination at the hands of skillful counsel, who introduced no witnesses of his own. The issue of the proper compensation for such injury if any as the evidence might show to have resulted from the industrial accident in question was thus duly inquired into, and an award was duly entered by the referee. This award was in due course adopted and approved by the commission. An action brought by the employer in the district court led to a judgment affirming the commission's award and this judgment is before us now for review.

The only contentions raised by the petition for review were (1) that the commission failed to find any disability of the employee to have been the result of accidental injury, (2) that the evidence does not support the commission's finding as to the amount of the claimant's average weekly wages, and (3) that the commission erred in finding the existence and extent of temporary and perma-

nent disability, because those findings are not supported by any evidence of any disability caused by accidental injury. These are also the only issues or contentions covered by the assignment of errors in this court, as they were the only ones presented by the complaint filed in the District Court.

This court has not been given authority either by statute or by rule to disregard the issues actually presented in appellate proceedings and to decide a case on issues of its own making. However, here the majority reaches back to a case finally disposed of more than twenty months ago and now entirely of its own motion retries the issues there when the present record discloses that this court is repealing the doctrine of "the law of the case" which the plaintiff in error unqualifiedly accepted.

In Colorado the principle of "the law of the case" is neither new nor obsolete. See the case of *Lee v. Stahl* (1889), 13 Colo. 174, 177, 22 Pac. 436, 437, citing with approval the opinion of Mr. Justice Belford in *Union Mining Co. v. Rocky Mountain National Bank* (1873), 2 Colo. 248, 266, and also similarly citing *Davidson v. Dallas,* 15 Cal. 75 (which cites approvingly the cases of *Washington Bridge Co. v. Stewart,* 3 Howard [U. S.] 413, and *Ex parte Sibbald,* 12 Peters [U. S.] 488), and *Table M. T. Co. v. Stranahan,* 21 Cal. 548.

The principle has since been uniformly reaffirmed. *Trinchera Co. v. Trinchera Dist.,* 89 Colo. 170, 174, 300 Pac. 614, 615; *Smith v. Windsor R. & C. Co.,* 88 Colo. 422, 424, 298 Pac. 646, 647; *Farmers Co. v. Fulton Co.,* 81 Colo. 69, 70, 255 Pac. 449; *Zambakian v. Leson,* 79 Colo. 350, 354, 246 Pac. 268, 269; *Long v. People ex rel.,* 33 Colo. 159, 160, 79 Pac. 1132; *Tibbetts v. Terrill,* 26 Colo. App. 64, 68, 140 Pac. 936, 938; *German American Co. v. Messenger,* 25 Colo. App. 153, 158, 136 Pac. 478, 480; *First Nat. Bank v. Manhattan L. Co.,* 21 Colo. App. 256, 257, 267, 120 Pac. 1112 (see court opinion 1112-1113 and Judge Walling's concurring opinion 1115); *Board of Public*

*Works v. Denver Tel. Co.,* 16 Colo. App. 505, 506, 66 Pac. 676, 677.

The judgment of the Denver District Court approving the award should I think have been affirmed as a whole, since that court and the commission carefully followed the directions of this court, and the evidence and findings are obviously sufficient to support the award. I fail to see how, if anything like the same evidence comes before the Industrial Commission at the next hearing, that body can avoid making the same award. There should sometime be an end to litigation. The repetition and duplication of administrative (if not judicial) action now required by the majority opinion furnish, I fear, a sad commentary on the "summary" nature of the procedure required by the statute in workmen's compensation cases.

For the various reasons stated I respectfully dissent.