# No. 13,849.

## NORTH RIVER INSURANCE COMPANY OF THE CITY OF NEW YORK v. MILITELLO.

(67 P. [2d] 625)

Decided April 26, 1937.

344

Messrs. LINDSEY & LARWILL, Mr. D. K. WOLFE, JR., Messrs. PERSHING, NYE, BOSWORTH & DICK, for plaintiff in error.

MR. FRANK H. HALL, for defendant in error.

*In Department.*

MR. JUSTICE HOLLAND delivered the opinion of the court.

MILITELLO, defendant in error, as owner, procured a policy of fire insurance from the North River Insurance Company, plaintiff in error, on an apartment house in Trinidad, Colorado. On July 13, 1932, while the policy was in full force and effect, the building was destroyed by an explosion and fire. On the following day, July 14, an information, charging him with burning the property with the intent to injure, prejudice and defraud the insurer, was filed in the district court. After numerous continuances, trial was had, and a jury returned a verdict of guilty May 19, 1933. August 7, following, a sentence of from two and one-half to five years in the penitentiary was imposed. On review by this court, the conviction was upheld in an opinion filed October 29, 1934. Rehearing was denied November 19, 1934. *Militello v. People,* 95 Colo. 519, 37 P. (2d) 527.

On September 17, 1932, before trial of the criminal charge, the present action was instituted in which Militello sued the insurance company for recovery on the policy. Answer was filed February 24, 1933. Supplemental answer alleged that plaintiff caused or allowed the premises to be saturated with gasoline and turpentine, and caused or allowed the purposely set explosion. Upon the trial to a jury, the record of the conviction in the criminal case, then pending on review on error, was admitted in evidence under an instruction to the jury that it was offered and admitted only for the purpose of impeaching the credibility of plaintiff, and was not to be considered by the jury as proving or tending to prove any

fact in issue in the case other than such credibility. The jury's verdict, returned on September 22, 1934, was for Militello the plaintiff, in the full amount of the policy. Judgment on the verdict was entered October 30, 1934. January 8, 1935, the insurance company filed a motion in arrest of, and to vacate the judgment, and as grounds therefor stated that the judgment of conviction, record of which had been introduced in evidence in the case, had been affirmed by this court and became final on and after November 19, 1934, when petition for rehearing was denied; further that the judgment as affirmed was a final and irrevocable determination of the fact of the destruction of the property by plaintiff in fraud of the insurer which precluded recovery against the defendant insurance company and that the judgment rendered against it thereby became an illegal judgment. These motions were overruled and the insurance company assigns error.

The principal errors upon which the company relies for a reversal are the denial of the motion for new trial, motion in arrest of judgment and motion to vacate the judgment. The other assignment, relating to remarks of plaintiff's counsel in his closing argument to the jury, will not be discussed since our conclusion on the other assigned errors, necessitates a reversal of the judgment.

In apt time, after the judgment of plaintiff's conviction became a finality by its affirmance in this court, the insurance company moved for the arrest, and vacation, of the judgment entered in the present action. We believe that when the fact of plaintiff's guilt of having caused the destruction of the building with intent to defraud the insurer, was thus established beyond a reasonable doubt and unmistakably before the trial court, as appeared from its own records, and the motions presented, sound public policy required the vacation of the judgment, and the entering of an order granting a new trial, and the denial of the motions was error.

Counsel for plaintiff insists that the insurance company is now bound by its failure to plead the convic-

tion of his client as a bar or in abatement and contenting itself with the introduction of the record of conviction in evidence for impeachment purposes only. He further contends that the conviction in the criminal case cannot be plead as a bar in this civil action. These contentions are not well founded. It must be remembered that at the time of the trial in this, the civil case, the judgment of conviction in the criminal case was still subject to a reversal and possible ultimate acquittal of Militello. In this uncertain state, it was wholly without value as a defense to be pleaded in this case, and if plead, a motion to strike would have been timely, and no doubt granted; therefore it necessarily follows that a failure to interpose this improper and useless pleading, can in no way prejudice the pleader, who later, and at the first available opportunity, after the conviction ripened into an adjudicated fact, interposed same as an attack upon the judgment against the company. Its probable value at the time of the trial was such as was fixed within the limitations of the instructions of the trial court. Our statement, supra, that the conviction became an adjudicated fact, has application only to the parties thereto; that is, the people and the defendant—now plaintiff—and not to, or as between the parties hereto. Otherwise there would be a mutuality of estoppel, and the matter adjudicated would be a sound basis for a plea in bar. The insurance company would not have been prejudiced had the criminal case resulted in an acquittal. Thus stands the great weight of authority.

 On the question of the admissibility or inadmissibility of the evidence of a criminal conviction in a civil proceeding and the limitations, if any, to be placed thereon, this court has not committed itself, and we now are free to adopt the rule which seems most logical and in accord with public policy. There is precedent for both extremes; that is, that it is inadmissible for any purpose, and contra, that it is admissible and conclusive as to the fact proven. We embrace neither rule. Logic

compels a relaxation of the long followed earlier rule of complete exclusion; but we are not ready to announce that all convictions are to be conclusive evidence for the purpose of establishing a material fact, even though such fact was the basis of the conviction. It would be more definitely a legislative function to declare such a public policy; however, an enlightened conscience does not permit us to cling to the archaic rule of exclusion for all purposes when such a fact has been solemnly and judicially determined. Greater weight is to be given to this conclusion when the fact of guilt is established beyond a reasonable doubt in a trial in which the accused is surrounded by all of the safeguards afforded by law. This is particularly true when the occasion, as here, bears a close relation to an interparty matter. The plaintiff, defendant in the criminal action, was convicted of defrauding the insurance company by the identical act resulting in the loss upon which he now predicates his claim for recovery against the same company. We are not in sympathy with any rule of law which would permit him to profit by his own wrong. The record of conviction in the criminal case was admissible in evidence in this case, and when so admitted carried proof of the conviction to be considered as prima facie evidence of the fact that plaintiff destroyed or caused to be destroyed the property for which he now seeks to recover judgment in the amount of the insurance thereon. It is such presumptive proof as to shift the burden to him to establish his innocence thereof. When the established fact of guilt was presented upon the first opportunity, as here, it was sufficient to vitiate the civil judgment otherwise established.

The judgment is reversed and the cause remanded for such further proceedings as may be had in harmony with the views herein expressed.

MR. CHIEF JUSTICE BURKE and MR. JUSTICE KNOUS concur.