## No. 14,343.

FRANK *v.* INDUSTRIAL COMMISSION ET AL.

(82 P. [2d] 753)

Decided July 11, 1938. Rehearing denied September 19, 1938.

Mr. O. A. JOHNSON, Mr. C. G. GARBARINO, Mr. JOSEPH P. CONSTANTINE, for plaintiff in error.

Mr. BYRON G. ROGERS, Attorney General, Mr. LOUIS SCHIFF, Assistant, Mr. FRANK C. WEST, for defendants in error.

*In Department.*

MR. JUSTICE BAKKE delivered the opinion of the court.

THIS is a workmen's compensation case, and it is the third time it has been before us. *Frank v. Industrial Com.*, 96 Colo. 364, 43 P. (2d) 158; *Black Diamond Co. v. Frank*, 99 Colo. 528, 64 P. (2d) 797. On the last occasion, the decision as reported in 96 Colorado at page 364, was specifically overruled, the judgment of the trial court reversed, and the cause remanded, "with instruc-

tions to the trial court to * * * transmit to the Industrial Commission the issues to be considered with directions to fully hear and determine all questions presented, and return its findings on the same to the court for its judgment thereon.''

In view of the above directions, no good purpose will be served by a review of the early history of this litigation. Suffice to say, that, pursuant to said directions, the commission did ''fully hear and determine all questions presented,'' with the following result announced in its supplemental award:

''In the above entitled cause, the commission having reviewed the entire file including all of the evidence taken herein and orders of the Supreme Court in the case and being now fully advised in the premises finds:

''That this claimant alleges he sustained an accident arising out of and within the course of his employment October 11, 1932, and that by reason thereof he was required to leave work October 13, 1932 and that he is still seriously disabled by the accident.

''The commission further finds that the condition which disabled the claimant at the time he left work and which required operative interference consisted of a new inflamatory exudate and old adhesions which had developed around ulcers in the ileum. The old adhesions probably resulted from an infection from amoebic dysentery. This resulted in acute peritonitis in the abdomen, and inflammation of the appendix. The entire condition resulted from the amoebic dysentery which the claimant contracted in 1906 and from which he had suffered recurrent attacks.

''The condition could not have resulted from an accident such as the claimant describes nor could it, in this case, have been aggravated by such an accident.

''The commission further finds upon full consideration of the evidence that the claimant did not sustain an accidental injury arising out of and within the course of his employment as alleged in this claim or at all.

"It is, therefore ordered: That the claim for compensation filed herein be and the same hereby is denied.

"And this commission does hereby retain jurisdiction of this claim until the same is finally and fully closed."

This award of the commission was affirmed by the district court.

The record discloses, and our opinion in 96 Colorado holds, that the compensability of the alleged injury was based solely on the story of the claimant. He "was the only witness called by either side." While in the hearing terminating in this review, the conclusion of non-compensability was based on conflicting testimony on the question whether there ever was any injury incurred in the course of claimant's employment, as already noted, the commission found that his illness resulted from a protracted abdominal condition, going back as far as 1906, and that any deficiency in his working condition while in the mine could not have been aggravated by the alleged accident.

Without attempting to analyze the medical testimony, we may point out the evidence upon which the commission based its finding of no compensable injury. First, there is the testimony of Dominico, one of the men who was working on the same car at the time of the alleged injury. He said that he and Winkle, another employee, were at the front of the car (two front wheels being off the track) lifting, and that claimant simply stood on the rear bumper to balance it; that claimant was not hurt in any manner in replacing the wheels of the car on the track, made no complaint about any injury, and that he returned to his work after the car was back on the track.

Tom Pissone, the assistant superintendent, who was in and about the mine all day, testified that while he did not see Frank that evening, no accident or injury of any kind was reported, nor did claimant make any complaint to him. This testimony is corroborated by Tom Hilton,

the mine superintendent, and by Mr. Morgan, president of the company.

That medical treatment was given claimant at the Community Hospital is not disputed, and the findings of the commission contain a resumé of the medical testimony concerning his condition at that time, but plausibility of his story as to accidental injury sustained by him fades when considered in the light of the above testimony.

There being sufficient competent testimony to support the commission's award, and no error disclosed by the record, the judgment is affirmed.

Mr. Chief Justice Burke, Mr. Justice Hilliard and Mr. Justice Holland concur.