## No. 14,516.

NORTH RIVER INSURANCE COMPANY OF THE CITY OF NEW YORK v. MILITELLO.

(88 P. [2d] 567)

Decided February 27, 1939. Rehearing denied March 27, 1939.

Messrs. LINDSEY & LARWILL, Mr. D. K. WOLFE, JR., Messrs. PERSHING, NYE, BOSWORTH & DICK, Mr. N. A. HUTCHINSON, for plaintiff in error.

Mr. FRANK H. HALL, for defendant in error.

*En Banc.*

MR. JUSTICE BAKKE delivered the opinion of the court.

THIS is a suit on a fire insurance contract and was before us on a former occasion. *North River Ins. Co. v. Militello,* 100 Colo. 343, 67 P. (2d) 625. A retrial was had resulting in a judgment for plaintiff, which defendant seeks to have reversed. In view of the fact that the matter has been in litigation for over six years, we feel that it should now be decided promptly on the application for a supersedeas, since the legal principles involved—the law of the case having been established by our former opinion—are relatively simple.

As the former opinion indicates, Militello, defendant in error, plaintiff below, was convicted of arson (*Militello v. People,* 95 Colo. 519, 37 P. [2d] 527), for burning the very property on which he now seeks to recover insurance. In their brief in *North River Ins. Co. v. Militello, supra,* counsel for the insurance company advanced this proposition: "We submit, therefore, that this court should adopt either the rule of the case of *Eagle, Star & British Dominions Ins. Co. v. Heller,* 149 Va. 82, 140 S. E. 314 [that conviction of the policy holder of burning the insured property is a bar to recovery on the policy] or the rule of the case of *Schindler v. Royal Ins. Co.,* 258 N. Y. 310, 179 N. E. 711 [that such conviction is prima facie evidence of the facts involved, in a civil suit to recover on the policy]."

In response to this submitted alternative, we adopted the rule announced in the Schindler case, reversed the judgment, and remanded the cause "for such further proceedings as may be had in harmony with the views herein expressed." The trial court carried out our instructions to the letter. In fact, counsel for the insurance company, "wrote their own ticket." All of their requested instructions were approved and given by the court without objection. They are liberally in

the company's favor. No objection was made to any of the testimony of Militello in which he detailed his version of circumstances concerning the fire which destroyed the insured property, and denied starting it. Evidently the jury believed his story and gave him verdict accordingly.

We do not pause here to discuss the question of public policy. We considered that feature in our prior opinion, and it is fully discussed in the authorities above mentioned. We, however, make this observation: Counsel for the company on the former hearing quoted from "The Nature of the Judicial Process," a book written by the late Justice Cardozo, the following, found at page 43: "The social interest served by refusing to permit the criminal to profit by his crime is greater than that served by the preservation and enforcement of legal rights of ownership." The pronouncement does the author honor. It was written in 1921; yet in 1932, he joined with Judge Pound in rendering the opinion in the Schindler case. In his book he philosophized; in the Schindler case he spoke the law. This case is decided in accordance with his legal view.

Judgment affirmed.

Mr. Justice Knous, Mr. Justice Bock and Mr. Justice Burke concur in the conclusion only, it being their view that the law in the case was settled by the opinion in *North River Ins. Co. v. Militello,* 100 Colo. 343, 67 P. (2d) 625.

MR. JUSTICE FRANCIS E. BOUCK dissents in part and specially concurs in part.

MR. JUSTICE FRANCIS E. BOUCK, dissenting in part, but specially concurring.

In so far as the court's opinion herein bases the affirmance upon the ground that the opinion in *North River Ins. Co. v. Militello,* 100 Colo. 343, 67 P. (2d) 625, stated "the law of the case" which was then—and is now again

—before us, I concur. I heartily approve the return of this court to the reasonable and wholesome principle of "the law of the case," which this court seemed deliberately to abandon in *Black Diamond Co. v. Frank,* 99 Colo. 528, 64 P. (2d) 797, as shown in the dissenting opinion at pages 533 and 799 respectively.

However, the right of this court to reconsider in any future unrelated case the effect which the department opinion in the Militello case, supra, gave to the evidence of the criminal conviction, is, as I take it, fully reserved. Were the question an open one in the case at bar, I should under the disclosed circumstances hesitate to say that the defendant's criminal conviction of arson beyond a reasonable doubt was not as a matter of law a determination of the unlawful burning charged by the insurance company in the civil case. I am inclined to believe that the criminal conviction which was had according to the law of the land—and as between the defendant Militello and all the people of the state of Colorado—should be accepted as conclusive and decisive for all purposes, in the absence of a showing sufficient on recognized grounds to prove some illegality in the criminal verdict, a verdict which in the present instance was not so shown to have been illegal but was declared lawful by this court's affirmance in *Militello v. People,* 95 Colo. 519, 37 P. (2d) 527.

The matter of establishing the general rule seems important enough to demand consideration by the court en banc at the earliest opportunity, when the argument is not, as here, that the selection of a certain rule in the particular case is binding because a party saw fit to urge in its brief and argument that this court could properly choose either of two out of several alternative rules obtaining in other jurisdictions. My concurrence is limited accordingly, and I dissent as to other matters which need not be discussed.