No. 18,220.

ERNEST G. NETHERTON *v.* JAMES R. HAVER AND JOHNSON-ARNOLD MOTOR Co.
(342 P. [2d] 671)

Decided August 10, 1959.

Mr. WORTH ALLEN, for plaintiff in error.

Messrs. SHELDON & NORDMARK, Mr. PAUL C. BROWN, for defendants in error.

*En Banc.*

MR. CHIEF JUSTICE KNAUSS delivered the opinion of the Court.

PLAINTIFF in error, plaintiff below, will be referred to as plaintiff or as Dr. Netherton. Defendant in error, James R. Haver, will be referred to as Haver, and defendant in error Johnson-Arnold Motor Co., a corporation, will be referred to as the Company. The last two parties named were defendants in the trial court.

Dr. Netherton sued Haver and the Company, together with Harry Sigman, alleging that on October 15, 1955, at 17th Avenue and Clarkson Street, Haver negligently drove a vehicle owned by William P. Smedley and collided with an automobile operated by Sigman and that Sigman was also negligent; he further alleged that Haver was the agent for the Company and acting in the scope of his employment. Plaintiff claimed damages for personal injuries sustained as a result of the accident. To this complaint several defenses were interposed. Haver admitted the collision but denied the other allegations of the complaint and affirmatively alleged that Dr. Netherton was a guest of Haver or of Dr. Smedley, the owner of the car in which plaintiff was riding, without payment of any consideration. Haver also alleged that the collision was the result of unavoidable accident.

The Company admitted the collision and denied the other allegations of the complaint; alleged that Haver

at the time of the accident was the agent of Dr. Smedley and that plaintiff was a guest of the owner of the car or its operator and was not entitled to recover under the guest statute; denied that Haver was an agent of the Company.

By stipulation the action was dismissed as to defendant Sigman.

Trial was to the court resulting in a judgment for defendants. The plaintiff is here on writ of error seeking reversal.

It appears that Dr. Smedley owned a 1955 Chrysler car purchased from the Company; that on October 15, 1955, he took it to the Company for repairs to the radio, and was driven to his office by Haver, the shag boy, who then took the car to his employer's garage for the necessary repairs. During the forenoon of October 15, 1955, Dr. Smedley learned that his associate Dr. Netherton had parked his car at 17th Avenue and Emerson Street and walked to his office. At about twelve o'clock Dr. Smedley phoned the Company stating he was ready for his automobile and Haver, the shag boy, drove the car to 16th and Tremont Street to deliver it to Dr. Smedley. Upon his arrival there Dr. Smedley asked him to wait for Dr. Netherton, Dr. Smedley's partner, who arrived in due course. Dr. Smedley took a seat next to the driver, Haver, and Dr. Netherton sat on the right-hand side of the front seat of the car. Dr. Smedley told Haver that Dr. Netherton's car was at 17th Avenue and Emerson and that he, Dr. Smedley, would like to drop Netherton near that intersection. Haver drove east on 17th Avenue and was following a tramway bus also going east on 17th Avenue. At 17th and Clarkson Street Haver went around the bus and entered the intersection where the collision with the Sigman car occurred, the latter vehicle proceeding north on Clarkson street with the green light. It is admitted that the understanding between the Company and its customers is that when a car is delivered by a shag boy, the boy was to be returned to the garage.

It is clear from the record that no invitation was ever extended to Dr. Netherton by the Company or Haver and that the purpose of the trip to 17th and Clarkson Street was to accommodate Dr. Netherton, and was wholly unknown to the Company, and it was on this errand while en route to Dr. Netherton's parked automobile that the accident in question occurred.

The trial court found from the evidence that "had there been no object to be attained except the return of Haver to his place of employment, the route would have been entirely different than the route which was, in fact, followed * * * It was a direction on the part of Dr. Smedley to Haver to deliver Dr. Netherton to the place where his car was parked. Not only that, but Dr. Smedley suggested to him [Haver] the route to be followed and it was a totally different route from the one he would have followed had not that suggestion been made or that direction been given. * * * They [the Company] had no interest whatsoever in delivering Dr. Netherton to his automobile."

There was sufficient, substantial and competent evidence to support the findings of the trial court that Dr. Netherton was a guest of Dr. Smedley within the terms of the Guest Statute, C.R.S. '53, 13-9-1. Dr. Smedley testified: "Q. So you invited him [Netherton] to go along so he could see your new car and take him along as well to his own machine parked on Seventeenth and Emerson? A. Yes." * * * "Q. Dr. Netherton didn't give you anything for taking him out there, did he, Doctor? A. No. Q. No consideration of any kind? A. No. Q. It was simply a friendly gesture on your part to take him out where his car was? A. Yes."

From this and other competent evidence in the record, it is manifest that Dr. Netherton was a guest of Dr. Smedley and the status of the parties on this occasion fits perfectly with the definition of "guest" in *Dobbs v. Sugioka,* 117 Colo. 218, 185 P. (2d) 784; *Hollenbach v. Fairbanks,* 132 Colo. 216, 287 P. (2d) 53, and our lead-

ing case of *Pettingell v. Moede,* 129 Colo. 484, 271 P. (2d) 1038. There was no evidence to support any lack of concern on Haver's part, or indifference or inattention to consequences, such as the plaintiff must prove under the rule of *Pettingell v. Moede,* supra.

Neither Haver nor the Company were aware that Dr. Netherton was going to enter the car until almost the very moment he did so, where for the first time Haver learned of Dr. Smedley's desire to accommodate his associate. He entered at the instance and request of Dr. Smedley, who at the same time assumed control and direction of the vehicle he owned, even though he allowed Haver to drive. Haver was merely the operator of Dr. Smedley's car and was under his direction. The guest statute provides: "No person transported by the owner *or operator* of a motor vehicle as his guest * * * shall have a cause of action for damages against such owner *or operator* * * *." C.R.S. '53, 13-9-1.

It is clear from the record and the findings of the trial court that Haver was following the directions of Dr. Smedley at the time this unfortunate accident occurred. Nothing appears in the evidence to take the case out of the guest statute. Simple negligence only was pleaded in the complaint and nothing greater was established by the evidence. At no time did Dr. Netherton move to amend his complaint to allege any degree of negligence other than simple negligence.

Let the judgment be affirmed.

MR. JUSTICE FRANTZ not participating.