## No. 18,820.

PHOENIX ASSURANCE COMPANY OF NEW YORK, ET AL. *v.*
THE OCEAN ACCIDENT AND GUARANTEE CORPORATION,
LIMITED, ET AL.
(357 P. [2d] 642)

Decided December 19, 1960.

Messrs. SHELDON AND NORDMARK, Mr. PAUL C. BROWN, for plaintiffs in error.

Mr. DUANE O. LITTELL, for defendant in error The Ocean Accident and Guarantee Corporation, Limited.

MR. ROBERT W. SMEDLEY, for defendants in error William P. Smedley and Ernest G. Netherton.

*In Department.*

MR. JUSTICE HALL delivered the opinion of the Court.

THE parties appear here in reverse order to their appearance in the trial court. We refer to the plaintiffs in error as Phoenix, Haver and Garage; to the defendants in error as Ocean, Smedley and Netherton.

On October 15, 1955, Smedley was the owner of a Chrysler automobile which he had shortly before purchased from the Garage. On the morning of that date he drove his car to the Garage (Twentieth and Downing Streets, Denver) to have repairs made to the radio. The Garage delegated Haver, their shag boy, to drive Smedley to his office in the Republic Building. This mission was completed without incident and the shag boy returned with the car to the Garage with instructions from Smedley that he would 'phone for the car about noon.

Prior to noon Netherton had contacted Smedley for the purpose of having Smedley take him to Seventeenth Avenue and Emerson Street, where Netherton had left his car.

About noon Smedley 'phoned the Garage and asked that his car then be brought to Sixteenth and Tremont Streets. The Garage delegated Haver to comply with Smedley's request, whereupon Haver drove the car to said point and was there met by Smedley who requested Haver to wait a few minutes, that Netherton was on his way and he wanted Haver to take them to Seventeenth and Emerson, the location of Netherton's car, before going to the Garage. On Netherton's arrival Dr. Smedley got into the front seat next to Haver who was behind the wheel; Netherton got into the front seat on the right side; whereupon Haver proceeded east on Seventeenth Avenue toward Emerson. On reaching Clarkson Street he ran a red light and collided with a car driven by one Sigman. Netherton and Smedley both suffered injuries.

On November 8, 1955, Smedley brought suit to recover damages' from Sigman, the Garage and Haver. Trial of this action resulted in a dismissal of Smedley's complaint against Sigman and the Garage, and a judgment of $5000 entered November 21, 1956, in favor of

Smedley and against Haver. No review of this judgment was sought or had; it has long since become final and remains unsatisfied.

On November 15, 1955, Netherton brought suit to recover damages from Sigman, the Garage and Haver. Trial of this action resulted in a judgment of dismissal of Netherton's complaint against all defendants, entered November 21, 1956. Upon review of this judgment we affirmed the dismissal, holding that Haver at the time of the accident was serving as the agent of Smedley and was not then the agent of the Garage and was not in the course of his employment by the Garage. *Netherton v. Haver,* 140 Colo. 140, 342 P. (2d) 671.

With this background in mind we now proceed to resolve the questions presented by this writ of error.

On November 14, 1956, seven days before judgments of the district court were entered in the above-mentioned Netherton and Smedley cases, Ocean commenced this action seeking a declaratory judgment defining its rights and duties to Smedley and Netherton under its policy of liability insurance issued to Dr. Smedley. Ocean in its complaint also alleged that prior to the date of the accident, Phoenix had issued to the Garage its "garage liability insurance policy," by the terms of which Phoenix agreed to pay on behalf of the Garage, any sums for which it became liable under the conditions set forth in the policy. Ocean sought a determination of the rights and duties of Phoenix to Smedley and Netherton.

Phoenix, in its answer, admitted that it did have a garage liability policy, and joined in the request that the rights and liabilities of Ocean and Phoenix under their respective policies be determined.

Smedley and Netherton filed a joint answer and asked that their rights against Ocean and Phoenix be declared.

Smedley also filed a cross claim against Ocean and Phoenix seeking judgment against one or both for $5000, the amount of the unsatisfied judgment which he had obtained against Haver.

Trial was to the court on stipulated documentary evidence consisting of the following exhibits:

A. Ocean's liability policy of insurance issued to Smedley.

1. Phoenix's liability policy of insurance issued to the Garage.

B. The reporter's transcript in the consolidated trial of the cases of Smedley and Netherton against Haver, the Garage and Sigman.

3. Copy of notice (SR 21) filed by Phoenix with the Colorado Motor Vehicle Department in compliance with the provisions of C.R.S. '53, 13-7-1 to 39. (This notice shows the date of the accident, sets forth that Smedley was the owner, Haver the driver, and that its policy issued to the Garage (Ex. 1) was in effect at the time of the accident.)

C. A letter from the Motor Vehicle Department to Ocean's counsel acknowledging receipt of the original, of which Ex. 3 is a copy.

2. Copy of a notice mailed October 18, 1956, to Ocean by counsel for Haver and the Garage (here counsel for Haver, the Garage and Phoenix), advising them of the fact that the cases of Smedley and Netherton against Haver, the Garage and Sigman were to be tried November 19-21, inclusive, 1956, and that Ocean should appear in the cases and defend Haver.

D. A deposition of Haver taken and introduced in the trial of the Smedley and Netherton cases.

In addition to the above, the parties stipulated: (1) that the court could take judicial notice of the pleadings and files of the Smedley and Netherton cases; (2) that Haver never forwarded to Ocean any suit papers in the original cases; (3) that Ocean had actual notice on May 15, 1956, of the pendency of the Smedley against Haver, et al., suits.

After reviewing the foregoing evidence and hearing arguments the trial court made findings of fact and

conclusions of law, holding among other things that:

1. "It is the finding of this Court that Phoenix Assurance Company of New York, formerly Phoenix Indemnity Company, hereinafter referred to as Phoenix, by heretofore issuing its certificate of responsibility [Ex. 3] as required by the Colorado Financial Responsibility Act, obligated itself irrespective of its policy provisions, exclusions or conditions up to the limits of $5,000/ $10,000 bodily injury and $1,000 property damage."

(These amounts are the minimal amounts required by statute. The policy provides for $100,000/$300,000 bodily injury liability and $50,000 property damage liability.)

2. That Haver at the time of the accident was acting as the agent and employee of the Garage and not as the agent of Smedley and that his actions were within the scope of his duties as an employee of the Garage.

Predicated on these findings, judgment was entered declaring that Phoenix under its policy was answerable for the actions of Haver, and therefore was answerable for the judgment of Smedley against Haver; that Ocean was not answerable under its policy to Smedley or Netherton for the reason that the Smedley car was being operated by Haver, the employee of the Garage, not the employee of Smedley.

The court also entered judgment in favor of Smedley against Phoenix for $5505.54, being the amount of his judgment against Haver, together with interest thereon *from the date of the original judgment* to the date of the entry of judgment against Phoenix. Phoenix, Haver and the Garage are here by writ of error seeking reversal. Smedley is here seeking to have his judgment against Phoenix modified to include interest on $5000 from the date of the accident, October 15, 1955, instead of the date of his judgment against Haver, November 21, 1956.

Counsel for Phoenix, Haver and the Garage urge three broad grounds for reversal:

A. The Ocean policy covers Haver's liability herein.

B. The Phoenix policy does not cover the liability of Haver.

C. Haver was not the agent of the Garage at the time of the accident.

With reference to point A, we find that the Ocean policy contains the following provisions:

"III DEFINITION OF INSURED

"With respect to the insurance for bodily injury liability and for property damage liability the unqualified word 'insured' includes the named insured and also includes any person while using the automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or with his permission. The insurance with respect to any person or organization other than the named insured does not apply:

" (a) to any person or organization, or to any agent or *employee* thereof, operating an automobile repair shop, public garage, sales agency, service station or public parking place, with respect to any accident arising out of the operation thereof; * * *." (Emphasis supplied.)

It is clear that the accident involved in this case arose out of the operation of an automobile by Haver with the permission of Smedley, as provided in III above, and equally clear that Haver was an employee of the Garage, an "organization * * * operating an automobile repair shop, public garage * * *," referred to in (a) above, the exclusionary clause in the Ocean policy.

Turning to point B, we find the following pertinent provisions in the Phoenix policy:

"I COVERAGE A — BODILY INJURY LIABILITY

"To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person, caused by accident and arising out of the hazards hereinafter defined. * * *.

"DEFINITION OF HAZARDS

"DIVISION I — PREMISES — OPERATIONS — AUTOMOBILES

"The ownership, maintenance or use of the premises for the purpose of an automobile dealer, repair shop, service station, storage garage or public parking place, and all operations necessary or incidental thereto; and the ownership, maintenance or use of any automobile in connection with the above defined operations, and the occasional use for other business purposes and the use for non-business purposes of any automobile owned by or in charge of the named insured and used principally in the above defined operations.

* * *

"III DEFINITION OF INSURED

"With respect to the insurance under coverages A and B the unqualified word 'insured' includes the named insured and also includes (1) any partner, employee, director or stockholder thereof while acting within the scope of his duties as such, and any person or organization having a financial interest in the business of the named insured covered by this policy, and (2) any person while using an automobile covered by this policy, and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or with his permission. * * *"

██ Paragraph 1 of the "Definition of Insured" covers Haver as an employee of the insured while acting within the scope of his duties as such, regardless of whether his legal liability is incurred as a result of the operation of an automobile or otherwise, and if the legal liability of Haver is incurred as the result of the operation of an automobile, then he is covered "while acting within the scope of his duties as such," regardless of whether he had the permission of the named insured to drive the automobile at the time the accident occurred.

██ Paragraph 2 of "Definition of Insured" extends

the coverage by providing that any person is covered while using any automobile in connection with the operations necessary or incidental to the business of the garage. Haver was not only using the automobile with the permission of the insured, the Garage, but actually at its specific direction and as a part of its business. The service which was being rendered by the Garage and its employee, Haver, was one of the things covered by the policy.

A letter from the Department of Revenue, addressed to counsel for Ocean (Plaintiff's Ex. C), acknowledges receipt of certificate of insurance from the Daly General Agency, Inc., representing Phoenix, stating that the Phoenix policy does cover the driver, James R. Haver, at the time of the accident.

■ Taking up point C, we find that in determining this question the trial court had before it the evidence as outlined above. From this testimony, not in factual conflict but from which different inferences might be drawn, the trial court, as above pointed out, concluded that Haver was, at the time of the accident, the agent of the Garage, acting within the scope of his employment. There is ample evidence in the record to support that finding and it is not within our province to disturb findings made under such conditions. The fact that the trial judge in the Netherton (and Smedley) case found to the contrary on the evidence there presented, and we affirmed that finding as being supported by the evidence, does not, as such, dictate that we hold the trial court's finding herein as erroneous or unsupported by evidence. As pointed out above, different persons might draw different inferences from the recorded facts.

■ The argument of counsel for Phoenix that the question of whether Haver was the agent of Smedley or the Garage was finally adjudicated in both the Netherton and Smedley cases, and is therefore res adjudicata here, is without merit. Neither Ocean nor Phoenix, the real parties in interest in this case, was a party to the

Netherton and Smedley suits, and it is well established that a plea of res adjudicata can be asserted only in cases where the issues and the parties are the same or in privity with them. The actions of Smedley and Netherton were tort actions, whereas the action now under review is for a declaratory judgment determining contractual rights and duties of Ocean and Phoenix who for the first time appear as adversaries. *Parrish v. De Remer,* 117 Colo. 256, 187 P. (2d) 597; *Insurance Co. v. Militello,* 100 Colo. 343, 67 P. (2d) 625; *North River Co. v. Militello,* 104 Colo. 28, 88 P. (2d) 567.

 Smedley's contention that the trial judge in this case should have awarded him interest from the date of the accident is without merit. In awarding Smedley judgment against Phoenix the court was limited to the amount awarded to Smedley against Haver. Haver could have settled all of his liabilities to Smedley by paying the amount of the judgment against him. Phoenix agreed to pay only such amount as:

" * * * the insured [Haver] shall become legally obligated to pay * * *."

Haver's obligation to Smedley had been finally adjudicated November 21, 1956, and that is the limit of the obligation of Phoenix.

Finding no error in the record the judgment is affirmed in all respects.

MR. JUSTICE KNAUSS and MR. JUSTICE FRANTZ concur.