## COURT OF APPEALS.

### Nov. 9, 1909.

## THE PEOPLE v. WILLIAM MORSE.

(196 N. Y. 306.)

(1). MURDER—DELIBERATION AND PREMEDITATION—KILLING OF POLICEMAN IN ATTEMPTED ESCAPE AFTER ROBBERY.

Where a person places a revolver in his pocket and soon thereafter commits highway robbery in a deliberate, intentional and premeditated manner, and in his effort to avoid arrest shoots a policeman, it presents a question for the jury whether the policeman was killed by the deliberate and premeditated intention of the one firing the shot.

(2). SAME—EVIDENCE OF ROBBERY COMPETENT AS PART OF CONTINUOUS TRANSACTION.

Evidence of a robbery by defendant which preceded the shooting is competent as part of a continuous transaction and to show that defendant was liable to arrest and his motive and intent in firing the shot.

(3). SAME—STATEMENTS BY DYING VICTIM COMPETENT.

Where it appears that the victim of the crime appreciated that his recovery was impossible and that his death was imminent, his statements identifying the defendant were properly received as dying declarations.

(4). SAME—EVIDENCE AS TO FINDING DEFENDANT'S REVOLVER AND KNIFE.

Evidence was given that a knife was found with a revolver on the ground of an alley near where defendant was arrested. *Held,* that the fact that they were left there by defendant and identified by him makes it part of the history of the arrest, and hence admissible.

APPEAL from a judgment of the Kings County Court, rendered December 20, 1907, upon a verdict convicting the defendant of the crime of murder in the first degree.

The facts, so far as material, are stated in the opinion.

*William W. Wingate* for appellant. The evidence is insufficient to sustain a judgment of conviction of murder in the first

degree. (*People v. Hunter,* 184 N. Y. 231). The admission of testimony as to the statement made by deceased constitutes reversible error. (*People v. Gascome,* 185 N. Y. 323; *People v. Kennedy,* 164 N. Y. 449; *People v. Koerner,* 154 N. Y. 355; *People v. Smith,* 172 N. Y. 240). The court erred in allowing Abbie Johnson to testify that the defendant robbed or attempted to rob her. (*People v. Sharp,* 107 N. Y. 427; *Coleman v. People,* 55 N. Y. 81; *People v. Shea,* 147 N. Y. 78; *People v. Molineux,* 168 N. Y. 293; *People v. Rogers,* 71 Cal. 565). The court erred in allowing testimony as to the finding of a knife. (*People v. Del Vermo,* 192 N. Y. 481).

*John F. Clarke, District Attorney* (*Peter P. Smith* of counsel), for respondent. The evidence is amply sufficient to sustain the judgment of conviction. (Penal Code, § 183; *People v. Barberi,* 149 N. Y. 256; *People v. Decker,* 157 N. Y. 186; *People v. Ferraro,* 161 N. Y. 375). There was no error committed by the admission of the testimony as to the statement made by the decedent. (*People v. Gascone,* 185 N. Y. 317; *People v. Del Vermo,* 192 N. Y. 470). The court did not err in allowing Mrs. Abbie Johnson to testify that the defendant robbed her. (*People v. Molineux,* 168 N. Y. 293). There was no error committed by allowing Frank Cosgrove to testify as to the finding of a knife. (*People v. Del Vermo,* 192 N. Y. 470).

CHASE, J.:

A jury has found the defendant guilty of murder in the first degree. At the trial he did not call any witnesses in his behalf, and the evidence for the People is uncontradicted. From the evidence it appears that the defendant on the evening of November 14, 1907, came up behind a woman who was walking upon one of the public streets of the borough of Brooklyn, city of New York, and grabbed a large pocket book which she was

carrying in her hand.  She held to the pocket book and strug-
gled to retain it.  The defendant succeeded in wrenching it from
her hand and ran as the woman screamed and called "Stop
thief."  Her cries were heard by two young men in the vicinity
who ran after and overtook the defendant while he was on a
sidewalk and they jumped upon and held him.  A struggle en-
sued, during which the defendant drew from his pocket a re-
volver and fired a shot which failed to hit either of the young
men.  They, however, released their hold upon the defendant
and he continued to run in the direction in which he had been
running and the young men followed him.  After running about
two hundred feet from where he fired the first shot, he came
toward a policeman who had been attracted by the shot and was
then running towards the defendant from the opposite direction,
and when the defendant met the policeman or came within
about five feet of him he fired a shot which caused the wound,
resulting in the policeman's death about two hours thereafter.
The defendant then continued running and the young men
came upon the policeman as he staggered into the gutter and
they called upon him for his revolver, which he produced from
his pocket and gave to one of them and he gave his night stick
to the other.  They followed the defendant and the one with the
revolver fired in the air or at the defendant five times without
hitting him.  The defendant continued with the young men and
others following him until he ran into a dark alley under a
building where he was subsequently arrested by other officers.
His revolver was found on the ground in the alley and it con-
tained five cartridge shells, two of which had been discharged
and three of which were undischarged.  The identity of the
defendant as the person who took the pocket book from the
woman and who subsequently shot and killed the policeman is
beyond controversy.

The defendant urges that the judgment of conviction should
be reversed because, as he asserts, several errors were committed

during the trial which seriously prejudiced his rights. We will briefly state and consider separately some of such alleged errors.

1. The evidence is not sufficient on which to find, as a fact, that the defendant shot the policeman from a deliberate and premeditated design to effect his death.

It appears that the defendant some days prior to the homicide had the revolver with which he did the shooting and it was then in his trunk in the room occupied by him. On the night of the homicide he had the revolver in his pocket. He did not put it in his pocket for any known, lawful purpose. The inference is permissible that he carried the revolver to shoot and kill, if necessary to prevent capture in case he committed a crime. His readiness to use the revolver to avoid detention and arrest is shown not only from his shooting the policeman, but from his firing the shot while he was struggling with the young men who were holding him as we have stated.

Where a person commits highway robbery or other crime in such a deliberate, intentional and premediated manner as shown by the circumstances in this case, and then uses a revolver carried by him with fatal effect in his effort to avoid arrest, it presents a question for the determination of a jury whether the person so killed was not killed by the deliberate and premeditated intention of the one firing the shot. (*People v. Sullivan,* 173 N. Y. 122; *People v. Huter,* 184 N. Y. 237).

There are in this case, however, further facts which were proper to leave to the jury upon the question of intent, deliberation and premeditation, and they are that the defendant was running in a public street where the approach of an officer in the opposite direction must have been seen by him for an appreciable space of time, and his firing the revolver directly at the officer, when the result would necessarily or probably be fatal, is of itself some evidence from which the jury might rightfully find the facts as found by them. (*People v. Governale,* '93 N. Y. 581: *People v. Majone,* 91 N. Y. 211; *Leighton v.*

*People,* 88 N. Y. 117; *People v. Beckwith,* 103 N. Y. 360; *People v. Constantino,* 153 N. Y. 24; *People v. Decker,* 157 N. Y. 186; *People v. Ferraro,* 161 N. Y. 365).

2. Evidence was improperly received that the defendant committed highway robbery in taking the pocket book from the woman.

Evidence of the highway robbery, although not competent to prove the fact of another crime, was competent as a part of a continuous transaction, and to show that the defendant was liable to arrest, and as further showing the motive and intent of the defendant in firing the shot that killed the policeman. (*People v. Governale, supra*).

3. Evidence was improperly received of what the policeman said a few minutes after he was shot in identifying the defendant.

It sufficiently appears that the policeman appreciated that recovery was impossible and that his death was imminent, and his statements were properly received as dying declarations. (*People v. Governale, supra; People v. Del Vermo,* 192 N. Y. 470). The policeman actually died in a very short time after he identified the man who shot him. The identity of the defendant was so conclusively established that if any error had been committed in admitting the statements of the policeman in identification of the defendant it would not have been harmful.

4. Evidence was improperly received to show that a knife was found on the ground of the alley near where the defendant was arrested.

The knife and revolver were identified by the defendant. They were left by him upon the ground of the alley when he was taken therefrom by the officer who arrested him. The fact that the knife was left by the defendant with the revolver makes it so much a part of the history of the arrest as to permit the evidence that was received in regard to it during the trial.

The other objections urged by the defendant do not present any error or require a further detailed statement. The defendant had a fair trial and the judgment of conviction should be affirmed.

CULLEN, Ch. J., GRAY, VANN, WERNER, WILLARD BARTLETT and HISCOOK, JJ., concur.

Judgment of conviction affirmed.