## No. 11,618.

## CONFERTI *v.* THE PEOPLE.

### Decided July 6, 1926.

Plaintiff in error was convicted of the possession of intoxicating liquor.

### *Affirmed.*

## *On Application for Supersedeas.*

1. EVIDENCE—*Intoxicating Liquor—Possession.* In a prosecution for possessing intoxicating liquor, canceled checks drawn by defendant, bills and other property found in the building, held competent and relevant to the question of whether he was in possession of the premises.

2. *Harmless Error.* The admission of evidence, if immaterial, held harmless and not prejudicial error.

3. APPEAL AND ERROR—*Sufficiency of Evidence.* In a prosecution for possessing intoxicating liquor, evidence reviewed, and the contention that it is insufficient to sustain a conviction, overruled.

4. CRIMINAL LAW—*Evidence—Circumstantial.* To sustain a conviction on circumstantial evidence, it is not true that the circumstances must be such that no possible theory other than that of guilt can stand, the rule being that they must not be consistent with innocence within a reasonable doubt, and the jury must decide.

*Error to the County Court of Pueblo County, Hon. Frank G. Mirick, Judge.*

Mr. E. C. HOLT, Mr. JOHN A. MARTIN, for plaintiff in error.

Mr. WILLIAM L. BOATRIGHT, Attorney General, Mr. JEAN S. BREITENSTEIN, Assistant, for the people.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

CONFERTI was convicted of possession of intoxicating liquor, comes here on error, and moves for a supersedeas.

It is claimed: (1) That certain exhibits were improperly admitted in evidence; (2) that the evidence is insufficient to convict.

1. A soft drink place, No. 183 South Santa Fe Avenue, Pueblo, was raided by the police, June 23, 1925, and about fifty-two gallons of whisky were found. The police found there bottles which belonged to defendant, cancelled checks drawn by him, bills purporting to be for goods sold to him, some of them receipted, and other property of his. These were the exhibits to which the objection was directed. It is hardly necessary to say that they were competent, and relevant to the question whether defendant was in possession of the premises. That the documents were old goes to their weight, but not to their competency. If, as defendant claims, they were entirely immaterial, they were harmless and do not constitute prejudicial error.

2. Is the evidence sufficient? The whisky was found in a hidden barrel, which was ingeniously connected with a faucet by pipes cemented in the wall, with valves so contrived that any one who knew how could draw either whisky or water from the faucet. The defendant had constructed the building on his wife's land for the purpose of evading the prohibition laws. He had previously maintained a soft drink place at 179 Santa Fe Avenue, close by, which he had, in the spring of 1925, leased or sold to one Veto, who, when the new building 183 was finished, took a written lease thereof from Mrs. Conferti and moved in there.

Defendant's safe, cash register, many papers and other property were moved over to the new place. All the documents but one are dated before the moving.

They were found in various places at 183, some in the cash register, some in the safe, some elsewhere. Defendant and Veto testified and there was other testimony that those bills for goods dated after the lease of 139 to Veto, should have been billed to Veto and were really bought and paid for by him but billed to Conferti by mistake of the sellers. The defendant's automobile was kept in the basement of 183. Veto was in charge when the place was raided, and assumed the whole ownership and responsibility.

The argument for the people is of course that these circumstances justify the conclusion that defendant was the real proprietor or at least in control. The defendant claims the contrary and argues that when evidence is wholly circumstantial there can be no conviction if it is consistent with any other theory than guilt; that this evidence is consistent with defendant's tale on the stand; that he built the building as above stated, "got cold feet," gave up his plan and installed Veto instead as actual sole proprietor and possessor, moved safe, cash register, etc., for Veto's use and other of his own property for his own convenience.

The rule above stated is not absolute; it is not true that circumstantial evidence must be such that no possible theory other than guilt can stand, but that the theory of guilt must be beyond a reasonable doubt, i. e., the circumstances must not be consistent with innocence within a reasonable doubt (16 C. J. 763–765), and the jury must decide. It cannot be possible that circumstantial evidence must amount to a mathematical demonstration while direct evidence need only go beyond a reasonable doubt. The evidence is conflicting and the jury have decided.

Supersedeas denied and judgment affirmed.

Mr. Chief Justice Allen and Mr. Justice Sheafor concur.