THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAMES SANGAMINO, Appellant.

(Argued November 23, 1931; decided January 5, 1932.)

*Jacob Shientag* for appellant. The court erred in the charge to the jury in limiting motive in a criminal case solely to the question of intent. (*Commonwealth v. Raymond*, 97 Mass. 507; *People v. Seppi*, 221 N. Y. 62; *People v. Wallach*, 217 App. Div. 527; *People v. Dinser*, 192 N. Y. 80; *People v. Shilitano*, 218 N. Y. 161.)

*William F. X. Geoghan, District Attorney* (*Henry J. Walsh* of counsel), for respondent. No error was committed in the trial. (*People v. Dinser*, 192 N. Y. 80; *People v. Sanducci*, 195 N. Y. 361.)

HUBBS, J. The defendant has been convicted of murder in the first degree for firing with a revolver a shot which caused the death of John Riggio. The homicide took place in an automobile. At the trial a witness who was an occupant of the automobile testified that the defendant fired the shot which caused Riggio's death. Although the defendant did not testify in his own behalf, he called witnesses in an attempt to establish an alibi. The jury believed the testimony of the witness who testified that the defendant fired the fatal shot and refused to believe the testimony of the witnesses, called by the defendant, who testified that he was elsewhere

at the time of the shooting. A clear question of fact was presented and the jury was justified in finding beyond a reasonable doubt that the defendant committed the murder with deliberation and premeditation. We have carefully examined the record and are satisfied that the defendant had a fair trial and that no errors were committed which require the granting of a new trial.

Certain statements made by the learned trial judge during the trial indicate that there existed some confusion in his mind in regard to the proper charge upon the question of motive. The same condition has been observed in other criminal cases which have come before this court. There seems to exist to some extent an understanding that a trial court is not required to charge that motive or lack of motive may be considered by a jury in a first or second degree murder case, unless it is in connection with the question of intent, when that is an issue in the case. The opinion in *People* v. *Dinser* (192 N. Y. 80, 84) is cited as authority for such proposition. The statements contained in that opinion were made with reference to the undisputed fact that the defendant struck the deceased a blow. The question for the determination of the jury was whether the blow was delivered with murderous intent or in the heat of passion without intent to inflict serious injury. The defendant's counsel requested the court to charge " that it is proper for the jury to consider, in connection with the guilt or innocence of the defendant in this case, what motive he may have had, if any, to kill the deceased." That request was refused and this court decided that the refusal to charge constituted error which required the reversal of the judgment. In the opinion it was said: " It is true that motive is not an essential ingredient of the crimes of murder in the first and second degrees. Murder in either of these degrees may be committed without a motive, but never without intent. And, as bearing upon the question of intent, motive or absence of motive may

present considerations of the utmost importance. Murderous intent may be inferred from motive clearly established, and conversely, absence of motive, even if not conclusive, may be considered as pertinent to the question of intent where that is in issue." The writer, having in mind the issue in that case, was discussing the question of motive in reference to that issue, but undoubtedly did not intend to infer that the question of motive or lack of motive was not a proper element to be considered by a jury upon the question of the guilt or innocence of a defendant in other cases where other elements were involved.

While it is true " that motive is not an essential ingredient of the crimes of murder in the first and second degrees," and that either crime may be committed without a motive, nevertheless, the question of motive or lack of motive is always a question for the serious consideration of a jury, in determining the guilt or innocence of the defendant. It is the duty of a trial judge to instruct the jury to the effect that in its deliberations upon the question of the defendant's guilt or innocence it may consider the question of the defendant's motive or lack of motive to commit the crime charged. (*People* v. *Sanducci*, 195 N. Y. 361, 370; *People* v. *Seppi*, 221 N. Y. 62, 70; *People* v. *Guadagnino*, 233 N. Y. 344, 348; *People* v. *Wallach*, 217 App. Div. 527.)

Throughout the trial the question of the defendant's apparent lack of a motive to commit the murder was called to the attention of the jury and the court in the charge stated to the jury that it was proper for it to consider what motive, if any, the defendant may have had to kill the deceased. Taken as a whole the charge must have been understood by the members of the jury as informing them that in determining the guilt or innocence of the defendant they could consider the question of the defendant's motive or lack of motive to commit the crime charged.

It is true that there is a certain statement in the charge which standing alone might be understood as confining the jury, in its consideration of the question of motive, to its bearing upon the question of intent. We are satisfied, however, that under the facts in this case, it could not possibly have influenced the jury to the defendant's injury.

In obedience to the statute, which commands that judgment must be given without regard to technical errors (Code of Criminal Procedure, § 542) we have reached the conclusion that the substantial rights of the defendant have been protected, and that the judgment of conviction should be affirmed.

CARDOZO, Ch. J., POUND, CRANE, KELLOGG and O'BRIEN, JJ., concur; LEHMAN, J., dissents on the ground that the evidence is not so conclusive as to justify the court in disregarding error.

Judgment of conviction affirmed.