No. 18,377.

DONALD RICHARD DAVIS *v.* PEOPLE OF THE STATE OF
COLORADO.
(321 P. [2d] 1103)

Decided February 17, 1958.

Mr. JOHN J. GIBBONS, Mr. BRUCE OWNBEY, for plaintiff
in error.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E.
HICKEY, Deputy, Mr. JOHN W. PATTERSON, Assistant, for
defendant in error.

*En Banc.*

Mr. Justice Day delivered the opinion of the Court.

Plaintiff in error, along with a co-defendant (not a party to this writ of error), was convicted of the crime of burglary in the Denver district court. We will refer to plaintiff in error as defendant or as Davis.

Judgment and sentence were entered as a result of jury verdict of guilty. Motion for new trial was denied and defendant seeks reversal on the ground that the conviction was based on circumstantial evidence alone and the court erred in not directing a verdict of acquittal at the close of the People's case. No evidence was offered by defendant in his own behalf.

The facts are not in dispute. In summary they show that the home of defendant's aunt was burglarized sometime between the hours of 7 A.M. and 3 P.M. on Monday, the 7th day of September, 1956. Two days prior thereto, on a Saturday, Davis telephoned his aunt stating he was passing through town and that he would like to see her for a few minutes. He and his co-defendant, Balderston, visited with her about an hour. While defendant's aunt was preparing some ice water in the kitchen, Balderston was seen to go into and look around the bedroom and bathroom, and when he came out into the kitchen he "looked on the back porch." The following Monday, when defendant's aunt returned to her home sometime after 3:30 P.M., she noticed that her house had been ransacked and that entrance had been gained through a window on the back porch. She reported to the police that among the articles stolen from her home were "two kodaks with flash attachment and my silverware, a tarnish-proof case, a plastic traveling bag, all my jewelry, toilets and things like that from the dresser drawers and about seventeen or eighteen trading book stamps, rolls of pennies —."

About 9:30 in the evening of the day of the burglary,

two uniformed officers on a routine patrol of their territory took the defendant Davis, Balderston and a third person into custody because of their suspicious actions. They were seen crouched in a city ball park and ran when approached. When defendant Davis was caught a "stocking mask," with holes cut for the eyes, nose and mouth, fell from his person. When Davis was taken to his automobile the police found another "stocking mask" therein along with a hammer, flashlight, and a large number of trading stamps, all of which were admitted in evidence over objections of defendant.

Police officers testified that the co-defendant Balderston admitted burglarizing the home, but Davis protested his innocence and maintained complete ignorance as to how the stamps happened to be in his car and denied any participation in the burglary of his aunt's home.

At the trial defendant's aunt was not able to identify all of the trading stamp books as actually her own, admitting on cross-examination that a book full of trading stamps has no particular identifying features and would look like any other book. However she testified that she traded at a particular store and that the stamp of this grocery store was on the cover of the books taken from her home and were also on the cover of the books taken from defendant's car. She further identified one particular book by reason of the fact that a check stub from her employer was among the pages in the book.

Questions to be determined.

First: *Was circumstantial evidence, consisting of the possession of goods recently stolen in a burglary, sufficient to sustain the conviction?*

This question is answered in the affirmative.

In an almost identical case, *Collins v. People,* 69 Colo. 343, 193 Pac. 634, this court said:

"It is conceded that a burglary of the unoccupied dwellinghouse, above mentioned, had taken place on or some time shortly prior to December 4, 1918. The evidence is amply sufficient to show that goods were then

and there stolen. The evidence connecting the defendant with the burglary, consists of his possession of certain of such goods, and he now contends that a conviction cannot be sustained on such evidence alone. The cases bearing on this contention are not harmonious. 9 C.J. 1082, 1083. The weight of authority, however, sustains the proposition that proof that a burglary was committed, and that goods were then and there stolen, and shortly thereafter found in the possession of the accused, will sustain a conviction. See cases collected in note, 12 L.R.A. (N.S.) 211, and in 9 C.J. 1083."

A satisfactory summary of the rule on circumstantial evidence in this jurisdiction is found in the case of *Conferti v. People,* 79 Colo. 666, 247 Pac. 1065. In that case the defendant took the stand to endeavor to explain his position, which he contended was consistent with innocence. In the case at bar the defendant offered no explanation. But in either event the court there reasoned:

"* * * It is not true that circumstantial evidence must be such that no possible theory other than guilt. can stand, but that the theory of guilt must be beyond a reasonable doubt, i.e., the circumstances must not be consistent with innocence within a reasonable doubt (16 C.J. 763-765), and the jury must decide. It cannot be possible that circumstantial evidence must amount to a mathematical demonstration while direct evidence need only go beyond a reasonable doubt. The evidence is conflicting and the jury have decided."

We find another enlightening explanation of the sufficiency of circumstantial evidence in *Militello v. People,* 95 Colo. 519, 37 P. (2d) 527, where is found the following statement:

"Exclusion of every 'possible theory other than guilt' is not required. *Conferti v. People,* 79 Colo. 666, 247 Pac. 1065. Exclusion of 'every other *rational* hypothesis,' which means *reasonable* hypothesis, is the test, and this jury is so instructed. Accepting the foregoing facts no

reasonable theory, other than defendant's guilt, occurs to us as accounting for them. Doubtless such was the conclusion of the jurors. We think the evidence sufficient."

■ Adequate instructions, to which the defendant did not object, were given the jury on circumstantial evidence, and upon the failure of defendant to testify. Under a similar situation we find this comment in *Allison v. People*, 109 Colo. 295, 125 P. (2d) 146:

"Defendant did not testify at the trial. This fact, as the court instructed the jury, cannot be considered as any evidence of her guilt or innocence. '35 C.S.A., c. 48, §488. However, defendant, because of her failure to testify, will not be heard *on review to complain* that the *jurors drew inferences* against her *which were warranted by the evidence. O'Laughlin v. People*, 90 Colo. 368, 10 P. (2d) 543. Moreover, under the circumstances, the jury could draw any reasonable inference of guilt from the whole evidence. *Blanda v. People*, 67 Colo. 541, 189 Pac. 249." (Emphasis supplied.)

The defendant relies upon the case of *Lombardi v. People*, 124 Colo. 284, 236 P. (2d) 113. The case is clearly distinguishable. In that case there was no identification of the articles in defendant's possession as being the articles stolen in the burglary. In the case at bar there was sufficient positive identification of the articles stolen even though there was some equivocal identification of other items.

Second: *Was it error to admit in evidence a stocking mask, hammer and flashlight identified as belonging to defendant?*

This question is answered in the negative.

There are no Colorado cases directly on the point, but the general rule as gleaned from decisions in other jurisdictions is that it is proper to admit such evidence under either one of two theories. Under the one group of cases, testimony of recent possession of burglarious tools shortly after the commission of a burglary is held ad-

118

missible as tending to establish the charge, and although not sufficient, standing alone, requires only slight additional testimony. *People v. Parkinson,* 138 Calif. App. 599, 33 P. (2d) 18. See also *State v. Kleier,* 69 Id. 278, 206 P. (2d) 513.

Tested under another group of cases, although it is not claimed nor proved that the articles introduced in evidence were actually used in the commission of the crime, a weapon or other instrument found in the possession of the accused when arrested has been held admissible as part of the *history of the arrest. State v. Scarbrough,* 167 La. 484, 119 So. 523; *Commonwealth v. Lawrence,* 282 Pa. 128, 127 Atl. 465; *Commonwealth v. Carelli,* 281 Pa. 602, 127 Atl. 305; *State v. Blight,* 150 Wash. 475, 273 P. 751. *State v. Litman,* 106 Conn. 345, 138 Atl. 132; *State v. Richetti,* 342 Mo. 1015, 119 S.W. (2d) 330; *People v. Morse,* 196 N.Y. 306, 89 N.E. 816; *State v. Lemwoon,* 57 Ore. 482, 107 P. 974, 112 P. 427, affirmed 33 Sup. Ct. 783, 229 U.S. 586, 57 L. Ed. 1340. The testimony and exhibits here were tied directly to the apprehension of defendant.

Perceiving no error in the record, the judgment is affirmed.

MR. CHIEF JUSTICE HOLLAND and MR. JUSTICE SUTTON not participating.