THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MATTHEW REAVES, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered November 17, 1966, convicting him of manslaughter in the first degree, upon a jury verdict, and sentencing him as a third felony offender to a prison term of 20 to 40 years. Judgment affirmed. Defendant was indicted for the crime of murder in the second degree. The testimony of two eyewitnesses to the crime clearly established defendant's guilt beyond a reasonable doubt. A major contention of defendant is that the trial court erred in failing to charge on the question of motive or lack of motive to commit the murder. While it is the duty of the trial court to instruct the jury on the question of motive or lack of motive in determining a defendant's guilt or innocence (*People* v. *Seppi*, 221 N. Y. 62, 70), we are of the opinion that the failure to so charge at bar did not, in view of defendant's clear guilt, prejudice his substantial rights (*People* v. *Sangamino*, 258 N. Y. 85; *People* v. *Feigenbaum*, 148 N. Y. 636). We are also of the opinion that the trial court did not abuse its discretion in permitting the prosecution to reopen the case on two occasions. The case was reopened the first time after the prosecution had rested, but before defendant put in his defense. It was reopened

the second time after defendant had completed his defense and after both sides had rested. On each occasion the prosecution stated that "last night" for the first time it was informed of the whereabouts of an important witness. On the first occasion a witness was located in Chicago and brought to court. He testified that he was present in the room when the crime was committed. He, however, did not testify to seeing the actual commission of the crime; nor did he identify defendant. On the second occasion a witness was located in Alabama and brought to court. She testified that she saw defendant stab the deceased. The testimony of each witness was not by way of rebuttal. Concededly the procedure was irregular (Code Crim. Pro., § 388). However, the trial court has discretion to vary the rules and may permit the introduction of evidence out of its usual order, particularly in furtherance of justice (*Leighton v. People*, 88 N. Y. 117; *People v. Koerner*, 154 N. Y. 355; *People v. Benham*, 160 N. Y. 402; *People v. Ferrone*, 204 N. Y. 551.) Under the circumstances, the reopening of the case in order to produce the testimony of two eyewitnesses whose whereabouts were unknown prior to the making of the motion was not an abuse of discretion. Moreover, the motion to reopen on the second occasion was granted only after defendant had refused the court's offer to entertain a motion for a mistrial. We have considered defendant's other contentions and found the errors to be nonprejudicial and that they could not have affected the outcome. Hence, under all the circumstances, the judgment should be affirmed (Code Crim. Pro., § 542). Beldock, P. J., Christ, Benjamin and Munder, JJ., concur; Rabin, J., dissents and votes to reverse the judgment and order a new trial. It was error for the learned trial court not to charge the jury that it could consider defendant's motive or lack of motive on the question of intent and on the broader question of his guilt or innocence (*People v. Sangamino*, 258 N. Y. 85; *People v. Dinser*, 192 N. Y. 80). The failure of defense counsel to request such a charge did not relieve the court of its duty. While the majority is of the view that the error here committed was inconsequential under section 542 of the Code of Criminal Procedure, it is my view that this error, considered together with the highly irregular trial procedure whereby the People were permitted to reopen their case twice, constitutes reversible error and, in the interests of justice, a new trial is warranted.