## No. 24824

**The People of the State of Colorado v. Ross Florez, Jr.**
(498 P.2d 1162)

Decided July 17, 1972.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, Eugene C. Cavaliere, Assistant, William L. West, Deputy District Attorney, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, Jonathan W. Hays, Deputy, J. Michael Dutton, Deputy, Thomas M. Van Cleave, III, Deputy, for defendant-appellant.

*En Banc.*

MR. JUSTICE KELLEY delivered the opinion of the Court.

Defendant Florez is here on appeal from a conviction of second-degree burglary, 1967 Perm. Supp., C.R.S. 1963, 40-3-5. Florez urges that the evidence presented at trial was insufficient to support the guilty verdict and that the trial court erred in denying his motion for judgment of acquittal. In our opinion the evidence was sufficient and we affirm.

On the evening of November 17, 1969, four bottles of vodka and $46.30 were taken from Silver Pheasant Liquor Store in LaSalle, Colorado. Two patrons of the Silver Pheasant Tavern and the owner of the liquor store and tavern testified that a car pulled up in front of the liquor store and tavern, its lights were turned off, but that no one from the car came into the tavern. Shortly thereafter the witnesses heard a noise from the adjacent store. Going to the window to investigate, they observed the car lights blink. At this point the witnesses and others in the tavern ran outside. One of the witnesses testified that he and another man were the first to step outside. On reaching the street he observed the defendant coming out of the liquor store carrying four

bottles of vodka. The defendant, after a struggle, was seized. His companion jumped from the car and fled on foot. On the floor of the car a small crowbar was found.

The owner of the liquor store (and the tavern) testified that the store was padlocked whenever he was next door in the tavern. He stated that after the defendant was seized, he examined the padlock and found that the hasp had been pried from the door. The LaSalle Chief of Police testified that the crowbar fit the pry marks on the door exactly.

Mr. Florez' testimony was that he and an unknown man went to the Silver Pheasant to drink. On arriving, a 15 or 16-year-old youth offered to sell him four quarts of vodka for ten dollars. He paid the boy and picked up the four bottles from the side of the building. At that point he was accosted and seized by the patrons of the tavern.

In his brief the defendant states his position thusly:

". . . Defendant admits being present at the scene in possession of the contraband, but his unrebutted testimony states the possession was innocent. Although guilt of the crime of burglary may be established beyond a reasonable doubt solely by circumstantial evidence, *Wilcox v. People,* 152 Colo. 173, 380 P.2d 912, the circumstances must not be consisent with innocence within a reasonable doubt. *Davis v. People,* 137 Colo. 113, 321 P.2d 1103 (1958). See also *Ziatz v. People,* 171 Colo. 58, 465 P.2d 406 (1970), *Gonzales v. People,* 128 Colo. 522, 264 P.2d 508 (1954), *Conferti v. People,* 79 Colo. 666, 247 P. 1065 (1926), *LaConte v. United States,* 330 F.2d 700 (10th Cir. 1964).

"Defendant's unrebutted explanation that he was carrying the bottles from the side of the building after having purchased them from a youth establishes a 'reasonable hypothesis of innocence.' "

■ The defendant's argument lacks the factual basis he asserts and he misconstrues the law. The "unrebutted" testimony he alludes to is that he did not break and enter. It is true that no one testified to seeing the actual breaking and entering, but witnesses heard a noise, which alerted them, causing them to go see what was happening, and they saw the

defendant coming out of the liquor store carrying four bottles of vodka. Investigation disclosed the door had been forcibly opened; that the crowbar found in the defendant's car fit exactly the pry-marks adjacent to the broken hasp. This was sufficient circumstantial evidence to "rebut" the defendant's testimony.

An answer to the defendant's misconception of the law in reference to the sufficiency of circumstantial evidence is found in *Militello v. People,* 95 Colo. 519, 37 P.2d 527, where this court said,

"Exclusion of every 'possible theory other than guilt' is not required. *Conferti v. People,* 79 Colo. 666, 247 Pac. 1065. Exclusion of 'every other rational hypothesis,' which means reasonable hypothesis, is the test, . . . ."

In *Ramsey v. People,* 179 Colo. 172, 498 P.2d 1148, announced contemporaneously with this opinion, the facts demonstrate a situation where the defendant's evidence presented a reasonable hypothesis or theory of innocence and the evidence of the People did not necessarily lead to a contrary conclusion. Here, the defendant's evidence does nothing more than create an issue of fact. If the jury believed the People's evidence, it necessarily excluded the defendant's theory — and in so doing there remained no reasonable theory of innocence. In *Ramsey* the People's evidence was just as consistent with a theory of innocence as it was with a theory of guilt.

The evidence was sufficient to justify the verdict of guilty and the judgment thereon.

The judgment is affirmed.

MR. JUSTICE HODGES not participating.