■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RALPH RIOS, Appellant. — Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered September 25, 1980 upon a verdict convicting defendant of the crime of kidnapping in the second degree. On April 9, 1980, at about 6:00 P.M., Debra Drozdzal allowed her three- and one-half-year-old son out to play on the front porch. Approximately 10 minutes later, she noticed he was gone. After making a quick search, she notified the authorities that her son was missing. With the aid of information from a confidential informant, the police located the child in defendant's unlit apartment, crying but unharmed. Entry had been blocked by a large chair which had been pushed against the door. Defendant was discovered hiding under a pile of dirty clothes. At trial he testified that while walking down the street he observed the child, wet, cold and hungry, and only sought to furnish food and shelter. He denied harboring any intention of sexually molesting the child. Defendant maintains that section 135.20 of the Penal Law is unconstitutionally vague and overbroad. That section states that a person is guilty of kidnapping in the second degree when he "abducts another person". Included in the statutory definition of "Abduct" is to "restrain a person with intent to prevent his liberation by * * * secreting or holding him in a place where he is not likely to be found" (Penal Law, § 135.00, subd 2). And to "Restrain" a person means to: "restrict a person's movements intentionally and unlawfully in such manner as to interfere substantially with his liberty by moving him from one place to another, or by confining him either in the place where the restriction commences or in a place to which he has been moved, without consent and with knowledge that the restriction is unlawful. A person is so moved or confined 'without consent' when such is accomplished by * * * (b) any means whatever, including acquiescence of the victim, if he is a child less that sixteen years old * * * and the parent * * * has not acquiesced in the movement or confinement." (Penal Law, § 135.00, subd 1.) We perceive no ambiguity in the quoted language. It describes clearly the conduct which it prohibits and is capable of being understood by a person of ordinary intelligence (*People v Cruz*, 48 NY2d 419, 423-424). Defendant's guilt was amply supported by the evidence. He led the victim away from his home without Mrs. Drozdzal's permission, then barricaded himself in his apartment. There he kept the child for approximately two hours, never attempting to find the parents or to contact the police. Moreover, he hid when the police arrived. Also unavailing is the contention that the merger doctrine precluded a conviction for kidnapping. This doctrine applies "[o]nly if the conduct underlying the abduction was incidental to and inseparable from another crime (*People v Smith*, 47 NY2d 83, 87). Here no other crime

was alleged or charged. Nor was it error for the court to refuse to require disclosure of the identity of the confidential informant who played only a marginal part, merely furnishing some information to the police (see *People v Goggins,* 34 NY2d 163, 170). Since the veracity of the information supplied by the informant was unchallenged, we fail to see how the informant's identity would bear upon defendant's guilt or innocence. As for the court's refusal to charge the jury with regard to defendant's motive, we find this is in and of itself harmless error, and an insufficient predicate for reversal. In any event, the considerable evidence indicated that defendant's motives were far from salutary and the reference in the summations to defendant's motive for taking the boy rendered this omission from the charge nonprejudicial (*People v Reaves,* 30 AD2d 828, affd 26 NY2d 921). We have considered defendant's other arguments and find them also untenable. Judgment affirmed. Main, J. P., Mikoll, Yesawich, Jr., Weiss and Levine, JJ., concur.