OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
The only evidence concerning the informant was that she observed defendant walking with the child and gave the police defendant’s name and address. In light of the marginal nature of the information provided, defendant was not entitled to disclosure of the informant’s identity “absent an extremely strong showing of relevance” (People v Goggins, 34 NY2d 163,170). Although defendant submitted questions to be asked of the informant at the Darden:* hearing which could have disclosed exculpatory information to him, he neither moved before or during trial for *766 disclosure nor objected that the Trial Judge’s memorandum after the Darden hearing did not explicitly refer to the questions he had asked. There was, therefore, no error in. this respect.
 Nor do defendant’s other two arguments provide ground for reversal. No crime other than kidnapping was charged, so the trial motion for dismissal based on merger (see People v Cassidy, 40 NY2d 763) was properly denied. The charge that the People need not prove the motive for the abduction was not error. Although it would not have been improper for the Trial Judge, upon request, to charge that defendant’s motive could be considered on the issues of his intent and knowledge that restraint of the child was unlawful (see People v Sangamino, 258 NY 85; People v Seppi, 221 NY 62), defendant’s attorney simply excepted to the charge as given and made no such request. Therefore, the issue has not been preserved for our review.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer, Simons and Kaye concur.
Order affirmed in a memorandum.

 (People v Darden, 34 NY2d 177.)