Although the defendant initially denied any involvement in the crime upon his arrest, he subsequently confessed that he accompanied Cartier to the victim's apartment to steal money and electronic equipment. He nevertheless denied any participation in the actual killing, claiming that he remained near the front door of the apartment during the burglary, and never entered the bedroom where the victim was murdered.

Viewing the evidence in the light most favorable to the prosecution *(People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932), we find that it was legally sufficient to establish the defendant's guilt of felony murder since " 'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt' " *(People v Contes,* 60 NY2d 620, 621; *People v Joyner,* 26 NY2d 106). As a willing and active participant in the underlying burglary, the defendant was accountable as a principal for the act of his accomplice, which was within the compass of the crime *(see, People v Lewis,* 111 Misc 2d 682). Moreover, upon the exercise of our factual review power, we are satisfied that sufficient proof was presented to the jury to support its factual determination that the homicide occurred in the course of and in furtherance of the burglary, and that the guilty verdict was thus not against the weight of the evidence (CPL 470.15 [5]; *see, People v Dering,* 140 AD2d 538).

We reject the defendant's further contention that he established the affirmative defense to felony murder as a matter of law (Penal Law § 125.25 [3] [a]-[d]). In this regard, we note that contrary to the defendant's contention, his statement to police failed to establish that he "[h]ad no reasonable ground to believe" that his companion "intended to engage in conduct likely to result in death or serious physical injury" (Penal Law § 125.25 [3] [d]). In any event, although the defendant's statement sought to minimize his participation in the crime, the evidence adduced at trial belies his claim that he acted as a mere "lookout", and the jury was not required to automatically credit the exculpatory portions of his admissions *(see, People v Gonzalez,* 143 AD2d 681).

We have examined the defendant's remaining contentions, including those raised in his supplemental *pro se* brief, and find that they are without merit. Brown, J. P., Kunzeman, Eiber and Ritter, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRE RAND, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Felig, J.),

rendered November 15, 1988, convicting him of kidnapping in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to the police.

Ordered that the judgment is affirmed.

On August 4, 1987, the defendant was questioned by two detectives for several hours at various locations on Staten Island and New Jersey. At the conclusion of this questioning, the defendant was arrested. The questioning, none of which took place at a police precinct, had been initiated by the defendant, who sought to establish an alibi by retracing what he claimed were his movements on the day of the victim's disappearance. The defendant had been cooperating with the police investigation for almost a month, and had previously been questioned at the precinct on at least three occasions after which he had been permitted to leave the precinct. Under such circumstances, a reasonable person in the defendant's position, innocent of any crime, would have assumed that he was free to leave the company of the detectives on the day in question. Therefore, any statements that the defendant made were not the product of a custodial interrogation and were properly ruled admissible by the hearing court (see, People v Yukl, 25 NY2d 585, cert denied 400 US 851; People v Day, 150 AD2d 595; People v Arcese, 148 AD2d 460; see also, People v Hicks, 68 NY2d 234, 240).

The defendant did not raise, as part of his motion for a trial order of dismissal, the question of whether there was legally sufficient evidence to support a finding that he secreted or held the victim in a place where she could not be found (see, Penal Law § 135.00 [2]). Accordingly, this argument is not preserved for appellate review (see, CPL 470.05 [2]; People v Stahl, 53 NY2d 1048, 1050; People v Udzinski, 146 AD2d 245, 249). In any event, viewing the evidence adduced at trial in the light most favorable to the People (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt. The record reveals that the defendant restrained the victim with the intent of preventing her liberation by holding her in a wooded area on the grounds of the Staten Island Developmental Center. Additionally, the evidence was legally sufficient to establish that this area constituted a place where the victim was not likely to be found. Accordingly, the defendant's argument in this regard is without merit (see, People v Salimi, 159 AD2d 658; People v Valero, 134 AD2d 635; People v Rios, 88 AD2d 1056, affd 60 NY2d

764). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]).

Under the circumstances of this case, we conclude that the sentence was not excessive *(see, People v Suitte,* 90 AD2d 80; *see also, People v Sanchez,* 131 AD2d 606, 609; *People v Roman,* 84 AD2d 851; *People v Notey,* 72 AD2d 279, 282).

We have considered the defendant's remaining contentions and find them to be without merit. Thompson, J. P., Lawrence, Eiber and Ritter, JJ., concur. *[See,* 136 Misc 2d 1034.]