■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANAND HAZARE, Appellant. [962 NYS2d 915]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lasak, J.), rendered March 31, 2010, convicting him of assault in the first degree, manslaughter in the second degree, assault in the second degree, vehicular assault in the second degree, leaving the scene of an accident without reporting (two counts), and operating a motor vehicle while under the influence of alcohol (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the Supreme Court's charge to the jury on the "immediate flight" element of assault in the first degree (Penal Law § 120.10 [4]) was incomplete is not preserved for appellate review (see CPL 470.05 [2]), and we decline to reach it in the exercise of our interest of justice jurisdiction.

Viewing the evidence in the light most favorable to the prosecution, we find that it was legally sufficient to establish the defendant's guilt of assault in the first degree (see People v Contes, 60 NY2d 620, 621 [1983]). Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Danielson, 9 NY3d 342 [2007]; People v Romero, 7 NY3d 633 [2006]).

The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80 [1982]). Mastro, J.P., Lott, Austin and Sgroi, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ABU KHAN, Appellant. [962 NYS2d 913]—Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this Court dated October 25, 2011 (People v Khan, 88 AD3d 1014 [2011]), affirming a judgment of the Supreme Court, Queens County, rendered July 24, 2007.

Ordered that the application is denied.

The appellant has failed to establish that he was denied the effective assistance of appellate counsel (see Jones v Barnes, 463 US 745 [1983]; People v Stultz, 2 NY3d 277 [2004]). Eng, P.J., Dillon, Balkin and Cohen, JJ., concur.