Appeal by the defendant from a judgment of the Supreme Court, Kings County (Del Giudice, J.), rendered May 17, 2010, convicting him of attempted assault in the first degree, upon a jury verdict, and imposing sentence.
Ordered that the judgment is affirmed.
The defendant contends that the Supreme Court improperly curtailed defense counsel’s summation argument regarding the lack of a motive. While we agree that the Supreme Court improvidently exercised its discretion in sustaining the prosecutor’s objections to the argument (see generally People v Ashwal, 39 NY2d 105, 109 [1976]; People v Sangamino, 258 NY 85, 88 [1932]; cf. People v Torain, 266 AD2d 322 [1999]), the error was harmless, as the evidence of the defendant’s guilt was overwhelming, and there is no significant probability that the error contributed to the defendant’s conviction (see People v Crimmins, 36 NY2d 230, 241-242 [1975]). The defendant’s contentions that the Supreme Court gave incomplete instructions with respect to the issue of motive and that the errors deprived him of his constitutional right to a fair trial are unpreserved for appellate review (see CPL 470.05 [2]; People v Lane, 7 NY3d 888, 889 [2006]; People v Rios, 60 NY2d 764, 766 [1983]; People v Rodriguez, 91 AD3d 797, 797 [2012]), and we decline to review *1103 them in the exercise of our interest of justice jurisdiction (see People v Addison, 107 AD3d 730, 731-732 [2013]; People v Hazare, 105 AD3d 975 [2013]).
In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury’s opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410 [2004], cert denied 542 US 946 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
There is no merit to the defendant’s contention, raised in his pro se supplemental brief, that he was deprived of the effective assistance of counsel (see People v Benevento, 91 NY2d 708, 713-714 [1998]; People v Baldi, 54 NY2d 137, 147 [1981]; Strickland v Washington, 466 US 668 [1984]).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80 [1982]).
The defendant’s remaining contentions, raised in his pro se supplemental brief, are unpreserved for appellate review, and we decline to review them in the exercise of our interest of justice jurisdiction. Rivera, J.P., Sgroi, Cohen and Hinds-Radix, JJ., concur.