18-897-pr
*Papas v. Chappius*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of October, two thousand twenty.

Present:
> PIERRE N. LEVAL,
> ROBERT A. KATZMANN,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges.*

---

MICHAEL PAPAS,

> *Petitioner-Appellant*,

v.                                                          No. 18-897-pr

PAUL J. CHAPPIUS, JR.,

> *Respondent-Appellee*.

---

| | |
|---|---|
| For Petitioner-Appellant: | Roland R. Acevedo, Law Office of Roland R. Acevedo, New York, NY. |
| For Respondent-Appellee: | Leonard Joblove, Sholom J. Twersky, Daniel Berman, Assistant District Attorneys, *for* Eric Gonzalez, District Attorney for Kings County, Brooklyn, NY. |

Appeal from a judgment of the United States District Court for the Eastern District of New York (Cogan, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Petitioner-Appellant Michael Papas appeals from a February 22, 2018 judgment of the United States District Court for the Eastern District of New York (Cogan, *J.*) denying his petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. Papas was convicted of attempted assault in the first degree following a jury trial in New York State Supreme Court, Kings County. His conviction was affirmed on direct appeal by the Appellate Division, Second Department. *See People v. Papas*, 974 N.Y.S.2d 262 (App. Div. 2013). Papas argues that a writ of habeas corpus should be granted because the trial court violated his constitutional right to a fair trial when it precluded his counsel from arguing during summation that Papas' lack of motive created reasonable doubt about his guilt. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review a district court's denial of a petition for a writ of habeas corpus *de novo*." *Rivas v. Fischer*, 780 F.3d 529, 546 (2d Cir. 2015).[1] Because the Second Department rejected the claim before us on the merits, he is entitled to relief only if the Second Department's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law . . . or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)–(2).

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, alterations, emphases, footnotes, and citations are omitted.

Papas argues that the trial court erred when it prevented his counsel from arguing during summation that the fact that Papas had no motive to commit the assault created reasonable doubt about his guilt. The Second Department agreed with Papas that "the Supreme Court improvidently exercised its discretion in sustaining the prosecutor's objections to [defense counsel's] argument" concerning the lack of a motive. *Papas*, 974 N.Y.S.2d at 262. However, the Second Department found the error "harmless, as the evidence of the defendant's guilt was overwhelming, and there is no significant probability that the error contributed to the defendant's conviction." *Id*. Papas contends that this harmlessness determination was unreasonable because it was based on an overstatement of the strength of the evidence against him.

Where a state court has determined that an error was harmless, "a federal court may not award habeas relief under § 2254 unless the harmlessness determination itself was unreasonable." *Davis v. Ayala*, 576 U.S. 257, 269 (2015). "And a state-court decision is not unreasonable if fairminded jurists could disagree on its correctness." *Id*. We conclude that the Second Department's harmlessness determination was not unreasonable. There was ample evidence to support the jury's verdict and counter Papas' defense that he was misidentified. Multiple eyewitnesses testified, establishing a short sequence of events that ended in Papas' apprehension directly after the attack. Papas was apprehended wearing a white hooded sweatshirt and a toolbelt, and a hammer was found on the ground near him. Witnesses, who either observed the attack or, immediately before the attack, observed a bystander, testified that the person they saw wore a white hooded sweatshirt and a toolbelt. Those who observed the attack testified that it was committed with a hammer. Additionally, minutes after the attack occurred, a witness who had a clear view of the assault identified Papas as the assailant. This evidence from multiple, disinterested parties distinguishes this case from the case that Papas primarily relies upon, in

which we found harmful error where "[t]here were only two candidates for the killer, one of them the defendant, and the other the State's chief witness," and the trial court excluded defense evidence tending to suggest that the State's witness was in fact the killer. *Scrimo v. Lee*, 935 F.3d 103, 120 (2d Cir. 2019). At most, reasonable jurists could disagree as to whether the evidence against Papas was overwhelming; under the Supreme Court's precedents, that means that the Appellate Division's decision was not unreasonable.

Moreover, despite the trial court's error, defense counsel was able to argue during summation that Papas had been mistakenly identified as the attacker. While the trial court sustained the objection to defense counsel's use of the word "motive," defense counsel had already pointed out, without any objection, that the victim had testified he did not recognize Papas and was not involved in any arguments with anyone. Defense counsel also stressed that several of the prosecution's witnesses either did not observe the attacker's face or described the attacker inconsistently, and that none of the victim's blood was found on Papas' clothing or hammer when he was apprehended after the attack. Accordingly, while defense counsel might have been able to advance his argument with greater clarity absent the trial court's error, he was still able to put the misidentification argument before the jury for its consideration, and to argue (if obliquely) that motive was lacking.

We have considered all of Papas' remaining contentions on appeal and have found in them no grounds for reversal. For the reasons above, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

4